**Rethie Gertrude HUFF, also known as Rethie G. Huff, Plaintiff-Appelant,**

v.

**ST. LOUIS POSTAL EMPLOYEES CREDIT UNION, a Corporation, Defendant-Respondent.**

**No. 33396.**

St. Louis Court of Appeals, Missouri.

July 28, 1970.

John A. Mathewson, Tenney, Dahman & Mathewson, St. Louis, for plaintiff-appellant.

Michael Jos. Hart, St. Louis, for defendant-respondent.

WOLFE, Presiding Judge.

This is an action brought by the appellant who claims a balance due her from the defendant corporation in the amount of $3,460.00. She asserts this became due her upon the death of her husband with whom she had a joint account with the defendant. The defendant St. Louis Postal Employees Credit Union claimed that the amount to the credit of the plaintiff was only $2,413.-55, in that the credit union had a lien on the difference because of a balance of $1,046.45 still owing on a loan made by plaintiff's husband. There was a judgment for the plaintiff in the sum of $2,413.55 and the plaintiff appeals.

There appears to be no dispute about the facts of the case. Rethie Huff married John L. Huff in August of 1957 and on November 27, 1957, John Huff applied for membership in the St. Louis Postal Employees Credit Union and both he and his wife signed a joint membership agreement on that date. The members make savings deposits which constitute "shares" in the union of the value of $5.00 each. The agreement signed by John and Rethie Huff upon opening their joint account was as follows:

"The undersigned hereby apply for a joint membership in the St. Louis Postal Employees Credit Union, and, in consideration of the approval of applicants in joint membership by the said credit union, do hereby agree each with the other and with the said credit union, that all sums now invested in shares or hereafter paid in as payments on shares, and all dividends therefrom shall be owned by us jointly with the right of survivorship, and shall be subject to withdrawal by either or the survivor of us and said payments upon withdrawal shall be valid and release and discharge such credit union from any payments so made.

"In case of the death of any one or more of said joint members all rights and privileges of membership and all rights and privileges of ownership in all shares held jointly in said credit union shall be vested in the survivor or survivors."

Mr. Huff was asssigned account No. 5363.

On March 22, 1963, Rethie Huff opened another account in which she was the prime depositor. It was opened in the name of Rethie G. Huff or John L. Huff and was No. 9156. This account had a balance to her credit of $444.51 at the time of trial and Mrs. Huff was still a member of the credit union. This account is not directly involved in the issues tried.

John L. Huff borrowed $1,925.00 from the credit union on May 4, 1965. He gave

to the union his non-negotiable note in the above amount, payable in monthly installments of $25.00. The note was signed by Huff alone. It contains the following agreement pledging shares in the credit union:

"In case of any default in payments as herein agreed, unless excused by the Board of Directors, the entire balance of this note shall become immediately due and payable on demand. We hereby pledge all paid shares, or deposits, any of which we now have or hereafter may have in this Credit Union, for loans, interest, fines, costs, or expenses, and we hereby authorize the Treasurer to apply any or all such paid shares, payments on shares, or deposits to the payment of said loans, interest, fines, costs, or expenses."

Mr. Huff used the sum borrowed to buy a new 1965 Ford automobile. The new car was jointly owned by John L. and Rethie G. Huff, and the title so indicated. Mr. Huff did not drive and Mrs. Huff was the sole driver of the car. Before borrowing the money from the credit union, Huff and his wife discussed the matter. He told her he could get a loan at low interest rates from the union and that there was enough in account No. 5363 to cover the loan. The loan was made with Rethie Huff's consent.

Mr. Huff died on April 24, 1967. At that time Mr. and Mrs. Huff still owned the Ford. There was a balance owing the credit union at the time of his death of $914.00 on the loan made. In November of that year Mrs. Huff traded the Ford in on a new car which she still owned at the time of the trial. At the time of Mr. Huff's death there was $2,460.00 in the account and this was increased by $1,000.00 from the proceeds of a life insurance benefit, bringing the total to $3,460.00.

At some time after her husband's death Mrs. Huff requested that the entire balance of $3,460.00 be transferred to her account No. 9156. She was informed by the union that the sum she sought to transfer was subject to the payment of the balance of the loan then amounting to $914.00. She was told that the loan could be paid in payments as Mr. Huff had been doing. This she declined to do and brought this action against the union. From a judgment in her favor for a sum equal to the entire balance less the amount then owing on the loan which, with accumulated interest, amounted to $1,046.45, she appealed.

Section 9 of Article 5 of the Approved By-Laws of the St. Louis Postal Employees Credit Union provides:

"The credit union shall have a lien on the shares of any member and upon the dividend payable thereon to the extent of any obligation due to the credit union by him."

There is a like provision in § 370.250, RSMo., 1959, V.A.M.S., which deals with credit unions.

It is appellant's contention that the account was an account by the entirety and that as such it was not subject to a lien for a debt due the union on a note signed solely by the husband.

We are cited to Feltz v. Pavlik, Mo. App., 257 S.W.2d 214; In re Baker's Estate, Mo.App., 359 S.W.2d 238; Hanebrink v. Tower Grove Bank & Trust Company, Mo.App., 321 S.W.2d 524; Young v. Knell, Mo.App., 423 S.W.2d 28. These cases all deal with bank savings accounts with one exception: the last case cited deals with a savings account with a savings and loan association.

None of the factual situations in these cases are analogous to the facts presented here. All of them deal with an unlawful infringement in some manner upon the right of one of the joint owners of an account. We have no such situation here. The loan made was for a joint purpose by which the plaintiff profited more than her deceased husband. Her husband could have withdrawn all of the account for the purpose of buying an automobile for both of them. Instead of that, both agreed that

he should borrow the money from the union for the purchase of the car. The statutes and by-laws of the union provide that the union has a lien on the account for the unpaid portion of the loan. For these reasons the court properly credited the union with the amount owing on the loan and gave judgment for the balance of the account to the plaintiff.

The judgment is affirmed.

BRADY and DOWD, JJ., concur.