BISHOP, Judge.
 

 In an action filed in the Circuit Court for Howard County, appellant partnership sought damages from appellee garnishee based on the latter’s alleged illegal seizure of appellant’s assets. The seizure was made after service on appellee of a writ of attachment emanating from a third party District Court judgment against one of the partners, individually. It is from judgment entered, after the court’s granting of appellee’s motion for summary judgment, that this appeal was filed.
 

 
 *521
 
 On May 25, 1982, appellant opened in appellee’s bank a demand deposit checking account number 20144864-03, under the name of McHugh & Associates, a partnership. The partners, Kevin P. McHugh and Thomas H. Bowers, executed a partnership resolution and signed signature cards authorizing either of them to transact business in the account. The account continued in active use until December 7, 1982, when the funds in the account were impounded as a result of the service on appellee of a writ of attachment. The writ was based on a recorded judgment held by Associate Financial Services, Inc., against Kevin P. McHugh, one of the partners. The writ specifically named McHugh, individually, as the judgment debtor, but designated the partnership account by its correct number. Upon receipt of the writ, appellee seized $767.76, all of the money in the partnership account. No formal notice was given by appellee to the appellant; none was required; however, on the morning of December 9, 1982, a representative of the appellee orally informed McHugh of the attachment. McHugh immediately notified several representatives of the bank that what had been seized was a partnership asset and not his personal account, and that the seizure would interfere with the payment of checks issued but not yet cleared. Specifically, McHugh told appellee’s representative that if three checks drawn to the order of an independent contractor of appellant were not paid, the contractor would be damaged, and probably sever his relationship with the appellant. Subsequent to its receipt of this information, the appellee, later on the same day, nevertheless filed a confession of assets in which it listed the account number, but gave the title of the account as “Kevin P. McHugh and Associates.” The correct title was “McHugh and Associates.” Appellee did not include the fact that the asset attached was a partnership account.
 

 Four days later, on December 13, 1982, appellant filed a motion to quash the attachment. After a hearing on December 29, 1982, the motion was denied. Finally, on Janu
 
 *522
 
 ary 7, 1983, the appellee bank filed an amended confession of assets in which it acknowledged:
 

 “That checking account number 20144864-03 is, and has been since May 25, 1982, under the name of McHugh & Associates, an unincorporated association satisfactorily proven to the Garnishee [Appellee herein] to be a partnership. The account is subject to the withdrawal order of the partners of McHugh and Associates, to wit: Thomas H. Bowers and Kevin P. McHugh.”
 

 A hearing was set for February 16, 1983, to determine whether a judgment of condemnation absolute should be granted. Before that hearing could be held, on January 31, 1983, the attachment was released after McHugh satisfied the judgment.
 

 Appellant raises four issues:
 

 I. Whether the provisions of Financial Institutions Article § 5-306(b) immunize appellee from liability under the facts of this case.
 

 II. Whether a garnishee has a duty to make an independent determination as to whether it holds attachable assets of a judgment debtor.
 

 III. Whether the ruling in the District Court for Montgomery County was a bar to this suit under the principle of
 
 res judicata.
 

 IV. Whether the trial court erred in granting appellee’s motion for summary judgment.
 

 Our response to Issue I will be dispositive of Issues II and IV. Since Issue III was not decided by the trial court, we will not answer it here. Maryland Rule 1085.
 

 Appellee did not file a brief. Therefore, based on our review of the record extract and the appellant’s brief, we will treat the above facts as undisputed.
 

 In
 
 Andree v. Equitable Trust Co.,
 
 46 Md.App. 688, 689, 420 A.2d 1263 (1980) Chief Judge Gilbert began by referring to the crystalline message delivered by the Court of Appeals of Maryland to both “banking institutions and attach
 
 *523
 
 ing creditors through the medium of
 
 Fairfax v. Savings Bank of Baltimore,
 
 175 Md. 136, 199 A. 872 (1938).”
 
 Andree
 
 continued:
 

 “In the
 
 Fairfax
 
 case, the Court held that in the absence of fraudulent conduct by a husband and a wife, a judgment creditor who has a claim against one spouse, but not both, may not attach a joint bank account, in trust for another, and subject to the order of either. The right to withdraw from the account, the Court said, is ‘a reserved personal right of each, and beyond the control of the other, and, therefore, whether it shall be exercised depends wholly upon the individual will of each severally motivated.’ 175 Md. at 144, 199 A. at 876.
 

 The Court went on to state:
 

 ‘A creditor of one cannot make this election, nor compel the debtor to act. Nor may a valid trust, untainted by fraud, be ended at the instance of a subsequent creditor. If ... [a creditor were at liberty so do to] the established right of the debtor ... [and the spouse who is not a debtor] ... will be swept aside without justification in principle or precedent.’ ”
 

 46 Md.App. at 689, 420 A.2d 1263.
 

 In
 
 Andree,
 
 the writ of attachment was issued on a judgment of the Aberdeen Bank held against Marie Bonge Andree. The writ directed the judicial officer to:
 

 “Lay the same in the hands of the following named garnishee(s):
 

 Equitable Trust Company Acct.
 

 541-10-920 account of Marie Bonge Andree
 

 Aberdeen Main Branch, W. Bel Air Ave.
 

 Aberdeen, Md. 21001.”
 

 At the time of the attachment Mrs. Andree had $20.07 in her individual checking account with Equitable Trust Company. The latter advised both Mrs. Andree and her husband that it had placed in escrow
 
 all
 
 accounts in which Mrs. Andree had an interest. Included were jointly held trust form accounts in the names of both Mr. and Mrs. Andree.
 

 
 *524
 

 Andree
 
 involved Md.Ann.Code Art. 11, § 103 (1976 Repl. Yol.) which was the predecessor to Md.Fin.Inst.Code Ann. § 5-306 (1980). The latter was included as part of a general revision, restatement and re-codification of laws relating to financial institutions and contained in the Financial Institutions Article. 1980 Md.Laws, Ch. 33. The Revisor’s Note to this section states that aside from deletions of unnecessary language, “the only changes are in style.” Nevertheless, because there were in fact language changes, we shall set out both sections:
 

 Article 11, section 103:
 

 “No banking institution doing business in this State shall be required to recognize, or take any action with respect to, any claim to a deposit or to money or property in its hands or contained in a safe deposit box, adverse to the interests of any person, corporation or other legal entity, appearing on its records as entitled to receive from it such deposit, money or property or a part thereof, except that if there is served upon such banking institution a restraining order, injunction, attachment, garnishment, order to show cause, or other order, or decree, issued or entered by a court in this State in an action, to which the adverse claimant is a party,
 
 involving a claim to the whole or a part of such deposit, money or property,
 
 then such institution
 
 may, or
 
 to the extent required thereby shall, impound and withhold all or any part of such deposit, money or property, subject to further order of the court and without any liability on its part to anyone for so doing.” (Emphasis in original). § 5-306. Adverse claim to property held by bank.
 

 (a)
 
 In general.
 
 — Except as provided in subsection (b) of this section, a banking institution is not required to recognize or take any action on any claim to a deposit or to money or property held by it or contained in a safe-deposit box, if that claim is adverse to the interests of any person who, on its records, appears to be entitled to the deposit, money, or property.
 

 
 *525
 
 (b)
 
 Effect of court order.
 
 — If, in an action to which the adverse claimant is a party, a court order or decree
 
 involving a claim to the deposit, money, or property
 
 is served on the banking institution, the banking institution may or, if required by the court, shall impound the deposit, money, or property, subject to further order of the court, without any liability on its part to anyone for doing so.” (Emphasis added.)
 

 Section 103 referred to an action “involving a claim to the whole or a part of such deposit, money or property ...”, while the revision deleted the words “whole or a part of such” deposit. No reason for this deletion is given by the revisor. The bank in
 
 Andree
 
 had argued that these deleted words authorized it to attach the other accounts in which the judgment debtor held a “part” interest. We disagreed and stated that the statute did no more than what
 
 Fairfax
 
 allows. We interpret the revised section to mean what we said in
 
 Andree
 
 was meant by its predecessor.
 

 Md. Corps & Ass’ns.Code Ann., § 9 — 502(b)(3) provides that the incidents of a partnership tenancy is such that “[a] a partner’s right in specific partnership property is not subject to attachment or execution, except on a claim against the partnership.”
 

 This section was part of the continuing recodification of the Maryland Code, 1975 Md.Laws, Ch. 311. It was previously Md.Ann.Code, Art. 73A, § 25(c) and was transferred without substantive change to the new Corporations and Associations Article. The Court of Appeals interpreted § 25(c) in answering whether a creditor could attach the assets of a partnership to satisfy the debt of an individual partner:
 

 “This question is so completely answered by section 25(c), article 73A of the Code, Uniform Partnership Act, that no other citation is necessary; the remedy being purely statutory. It is there provided that
 
 ‘A
 
 partner’s right in specific partnership property is not subject to
 
 *526
 
 attachment or execution, except on a claim against the partnership.’ ”
 

 Townsend v. Appel Sons, Inc.,
 
 164 Md. 255, 258, 164 A. 679 (1933).
 

 Maryland Rule G 52, entitled “Appearance of Garnishee” contains the following:
 

 “a. Pleas.
 

 The garnishee may file a pleading asserting on behalf of the defendant any defense which the defendant could assert, and also defenses on his own behalf.”
 

 We were not supplied with a copy of the actual writ of attachment used in this case. We have accepted as accurate those parts of the writ to which we referred earlier and which are contained in the brief, and the copies of the pleadings and the hearing transcript in the record extract. We do find, however, that the notice to the person served with the writ as contained on the District Court Order For Attachment or Judgment Form is substantially the same as that which appeared on the following form used in the
 
 Andree
 
 case:
 

 “You are hereby notified to file in writing a defense in the above captioned case in the District Court of Maryland for District 9 located at_in Harford County, Maryland, pursuant to Maryland District Rule G52 within 30 days after service of the above writ, showing cause why the property or credits of the Defendants) in your hands should not be condemned. If you fail to file such defense within such time, the court may enter a judgment of condemnation against you.”
 

 Andree v. Equitable Trust Co., supra,
 
 46 Md.App. at 693, 420 A.2d 1263.
 

 In
 
 Andree
 
 Equitable read the above as a direction for it to hold the accounts or property in which the judgment debtor had
 
 any
 
 interest. We held that was not what the writ commanded, but
 

 “[a]ll that is required of the garnishee is that it freeze and confer assets of accounts that are legally attachable.
 
 *527
 
 Impounding accounts not legally attachable subject the garnishee to suit by the improperly garnisheed depositor.”
 
 Id.
 

 Although the writ in the instant case did refer to the account number in which the assets confessed by appellee were found, it clearly referred to “Kevin P. McHugh” as the judgment debtor. The account was not in that name, but in the name of “McHugh & Associates.” This fact was belatedly admitted by appellee when, almost a month after seizing the partnership’s assets, it filed the amended confession of assets. In that pleading appellee stated that it had been “satisfactorily proven to” it that the asset it had attached was in the name of an unincorporated association, a partnership, McHugh & Associates. This information was available to appellee both from its own records and based on the affidavit of McHugh, from information supplied by him before appellee filed the confession of assets.
 

 We conclude that by its actions in this case appellee violated the holding in
 
 Fairfax
 
 as explicated by
 
 Andree
 
 and lost the protection afforded by Md.Fin.Inst.Code Ann., § 5-306, subjecting itself to possible pecuniary damages in favor of the appellant.
 

 JUDGMENT REVERSED. CASE REMANDED FOR TRIAL.
 

 COSTS TO BE PAID BY APPELLEE.