**James R. VAUGHN and Joan Vaughn, Plaintiffs-Appellants,**

v.

**Ellis E. SPITZ, Defendant,**

**and**

**Wright County Bank, Garnishee-Respondent.**

**No. 13560.**

Missouri Court of Appeals, Southern District, Division Two.

Nov. 20, 1984.

Motion for Rehearing Overruled and to Transfer to Supreme Court Denied Dec. 12, 1984.

Patrick J. Platter, Daniel, Clampett, Rittershouse, Lilley, Dalton, Powell & Cunningham, Springfield, for plaintiffs-appellants.

Arthur E. Curtis, Greene, Curtis & Dority, Springfield, for garnishee-respondent.

PREWITT, Chief Judge.

Plaintiffs received a monetary judgment against defendant. Thereafter, plaintiffs requested, and there was issued, a general

execution and garnishment proceedings toward garnishee Wright County Bank. Interrogatories were then submitted by plaintiffs to the garnishee. By its answers to the interrogatories garnishee denied any obligation to defendant, and stated that defendant "does have a joint checking account with his wife, Elsie Spitz."

Plaintiffs' exceptions to garnishee's answers to interrogatories admitted that defendant and his wife had a joint bank account and that the bank had no other personal property of defendant in its possession or control. The exceptions alleged that defendant had deposited more than $2,700 into the bank account. Plaintiffs claimed that defendant was the sole owner of these funds and that the deposit was a transfer without consideration and in fraud of creditors contrary to the provisions of § 428.020, RSMo 1978. Plaintiffs asked the court to order garnishee to pay the $2,700 into court for plaintiffs' benefit. The trial court sustained garnishee's motion to dismiss and plaintiffs appeal.

■ Where a husband and wife hold a bank account as joint tenants it is presumed to be held as tenants by the entirety. *Leuzinger v. Merrill Lynch, Pierce, Fenner & Smith*, 396 S.W.2d 570, 580 (Mo. banc 1965). Ownership of bank accounts in this manner has long been recognized in Missouri and in some other jurisdictions. See Annot., Estates by entirety in personal property, 64 A.L.R.2d 8, 79 (1959). That the account here is held as tenants by the entirety is not disputed.*

■ An execution arising from a judgment against the husband alone ordinarily cannot affect a bank account or other property held by a husband and wife as tenants

by the entirety. *Hanebrink v. Tower Grove Bank & Trust Company*, 321 S.W.2d 524, 527 (Mo.App.1959). See also Annot., 11 A.L.R.3d 1465, 1484 (1967). But cf. *Huff v. St. Louis Postal Employees Credit Union*, 457 S.W.2d 239 (Mo.App. 1970) (entireties account subject to set-off for note signed only by husband).

■ However, if the creditor contends that the debtor created apparent ownership of his property so as to defraud creditors, a garnishment proceeding is an appropriate proceeding to determine if there has been a fraudulent transfer. *Harrison v. Harrison*, 417 S.W.2d 39, 42 (Mo.App.1967); *McDaniel v. Bryan*, 123 Mo.App. 640, 100 S.W. 1103, 1104 (1907).

■ Creditors may reach funds in the bank account of another if the funds actually belong to the debtor. *Hilke v. Bank of Washington*, 251 S.W.2d 963, 966 (Mo. App.1952); *Baden Bank of St. Louis v. Trapp*, 180 S.W.2d 755, 759 (Mo.App.1944).

The notice of garnishment and summons to garnishee is not in the record, but the request for execution and garnishment and the order for execution and garnishment do not mention Mrs. Spitz. These documents seek a levy on real estate and a bank account at Wright County Bank. The appellants do not assert that the bank was notified that there was a claim against any funds in defendant and his wife's name, until the plaintiffs' exceptions were filed.

■ In dispute here is whether the notice of garnishment and summons to garnishee should have identified the bank account as held by defendant and his wife, rather than only referring to defendant. Garnishee contends that the notice and summons was ineffective to attach the joint

---

* Although apparently well established in Missouri law and not challenged here, the author of this opinion questions the practicality of considering bank accounts as entireties property, particularly where one person alone can draw on the account. One of the tenants cannot sell entireties property and involuntary partition will not lie, but often one person can draw on and completely extinguish a "joint" bank account. The cases do not seem to turn on whether one or both can draw on the account. Apparently "by agreement ... the money can be paid to ... only one" and the account be held by entireties. See *Leuzinger*, supra, 396 S.W.2d at 580. If either one can draw on the account without the other this indicates to me that there was no intention to create a tenancy by the entirety. Whether defendant and his wife could individually draw upon the account in question or whether they were required to do so together is not in the record.

bank account because it was not put on notice that the joint bank account was sought as the notice and summons only recited defendant's name and he had no bank account standing only in his name.

 Due to the unique nature of entireties property, defendant did not have a bank account at the bank to be attached. In an entireties bank account as well as other entireties property, each of the tenants has an undivided interest in the whole of the property and no separate interest. *Hanebrink*, 321 S.W.2d at 527.

The account was not defendant's but an account owned by defendant and his wife as a "single person". See *Leuzinger*, supra, 396 S.W.2d at 580. "The money on deposit in a joint deposit of husband and wife does not belong to the husband, nor is it half the husband's and half the wife's or part his and part hers. The deposit, made in their joint names, and not to them or either of them, belongs to them 'undividedly' ". Id.

If plaintiffs wished to attach the account, it should have been accurately described. By not describing the account as that of defendant and his wife the account was never attached.

On the necessity of the writ or notice of garnishment and summons to describe the account sought see *Staley v. Brown*, 244 Miss. 825, 146 So.2d 739, 741 (1962); *R & M Tire Service Co. v. Deposit Guaranty Bank & Trust Co.*, 172 Miss. 436, 160 So. 274, 276 (1935); *Redisco, Inc. v. Laredo Mo. Pac. Employees Credit Union*, 516 S.W.2d 197, 199 (Tex.Civ.App.1974). See also *Valley Bank & Trust Co. v. Parthum*, 48 Ariz. 87, 59 P.2d 335, 337 (1936) (where writ sufficiently stated that funds in the account of another actually belonged to the debtor).

We think the result reached here also has practical considerations. If the bank impounds an entireties account due to a garnishment seeking only the property of one of the tenants, it could be liable for wrongful dishonor. See *Andree v. Equitable Trust Company*, 46 Md.App. 688, 420 A.2d 1263, 1266 (1980). If the result we reached was different, in such a situation there could be liability for the bank, whatever it did. If it does not impound the funds it could be liable to the plaintiffs for all or a part of them, but if it does impound them and only property in the name of defendant is sought, it could be liable for wrongful dishonor.

The judgment is affirmed.

HOGAN, P.J., and MAUS and CROW, JJ., concur.