**STROUT REALTY, INC.,**
**Plaintiff–Appellant,**

v.

**Sandra HENRY, Defendant,**

**and**

**Security State Bank,**
**Garnishee–Respondent.**

No. 15783.

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 3, 1988.

**198**

Randal G. Reid, Springfield, for plaintiff-appellant.

Glenn A. Burkart, Mann, Walter, Burkart, Weathers & Walter, Springfield, for garnishee-respondent.

PREWITT, Judge.

Plaintiff received a judgment against defendant and thereafter requested a general execution and garnishment proceedings against Security State Bank. Interrogatories propounded to the bank included whether it had "any property, money or other effects of Defendant". The bank responded: "No, not in defendant's sole name, but this bank does have a checking account Number 0200218499 created May 3, 1985, in the joint names of Gary L. or Sandra Henry, the balance of which exceeds the amount garnished. A copy of the contract creating such account is hereto attached."

The "contract" attached stated that the name of the account was "Gary L. or Sandra Henry" and that the type of account was "Joint—with Survivorship". The parties agree that under this contract funds could be withdrawn by checks or other written order by either Gary L. Henry or

Sandra Henry. It is also undisputed that Gary L. Henry and Sandra Henry are husband and wife.

Plaintiff tells us in its brief that it "does not challenge the rule well established in Missouri law that an execution arising from a judgment against the wife alone ordinarily cannot affect a bank account or other property held by a husband and wife as tenants by the entirety.[1] Rather, Plaintiff disputes Garnishee's contention that the account here is held as tenants by the entirety."

Plaintiff contends that because the contract provided that any one of the persons who are party to the agreement may withdraw all or any portion of the account balance, the account cannot be held by the entireties. Plaintiff is correct that generally a spouse acting alone cannot effect entireties property. *Leuzinger v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 396 S.W.2d 570, 580 (Mo. banc 1965). However, bank accounts apparently can be held by entirety where one spouse can draw upon the account if there is "an agreement that the money can be paid to either or only one of them". *Id.*

Plaintiff cites a perhaps ill advised footnote to *Vaughn v. Spitz, supra* 682 S.W.2d at 848, which "questions the practicality of considering bank accounts as entireties property, particularly where one person alone can draw on the account." That footnote does not indicate, nor was it intended to infer, that allowing one person alone to draw on a bank account prevents it from being entireties property. As indicated in *Vaughn* the contrary is true. This is a well-established principle of Missouri case law and perhaps is even mandated by § 362.470.5, RSMo 1986. It is not for this court to change it. The need for stability in property law calls for cautious and reluctant changes to primarily be made by the legislature.

---

**1.** Ownership of bank accounts as tenants by the entirety has long been recognized in Missouri and other jurisdictions. *Vaughn v. Spitz*, 682 S.W.2d 847, 848 (Mo.App.1984); *Cullum v. Rice*, 236 Mo.App. 1113, 162 S.W.2d 342, 344 (1942).

See also § 362.470.5, RSMo 1986 ("Any deposit made in the name of two persons or the survivor thereof who are husband and wife shall be considered a tenancy by the entirety unless otherwise specified").

Plaintiff also cites *Townsend v. Townsend,* 708 S.W.2d 646 (Mo. banc 1986), and *In re Townsend,* 72 B.R. 960 (Bankr.W.D. Mo.1987). Plaintiff states in its brief that "[t]hese decisions reflect a judicial trend to avoid the inequitable consequences to creditors that result when one or both spouses attempt to utilize the archaic unity fiction of tenancy by the entirety to avoid payment of a valid obligation."

*Townsend v. Townsend* was a decision removing the common law doctrine of interspousal immunity as a bar to claims for personal injury inflicted by one spouse against the other during marriage. *In re Townsend* was concerned with whether entireties property may be exempted from the bankruptcy code by an individual debtor who owes debts jointly with a non-bankrupt spouse. We do not see either case as helping plaintiff. *Townsend v. Townsend* is not in point. It was a tort case on an unrelated question and not subject to the caution that property cases normally follow in considering changes in the law. *In re Townsend* involved a bankrupt and his wife with a joint obligation, not present here, and the question was not whether the asset could be garnished or otherwise levied upon but whether it was subject to administration in the bankruptcy proceedings.

Garnishee has filed a claim for allowances pursuant to Rules 84.21 and 90.18(c). That claim is sustained in the amount of $467.02 and upon remand the trial court is to enter judgment for garnishee in that amount.

The judgment is affirmed.

FLANIGAN, P.J., and HOGAN and MAUS, JJ., concur.