**David Lloyd EDGAR, Plaintiff,**

**v.**

**Bruce RUMA, et al.,**
**Defendants/Respondents,**

**American Bank of Rolla,**
**Garnishee/Appellant.**

**No. 59648.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Nov. 12, 1991.

W.H. Thomas, Jr., Thomas, Birdsong & Clayton, Rolla, for garnishee/appellant.

Patrick R. Gunn, Patrick J. Boyle, St. Louis, for defendants/respondents.

AHRENS, Judge.

In this garnishment action, garnishee, American Bank of Rolla, (Bank) appeals from the trial court's judgment in favor of garnishors Bruce and Mary Ellen Ruma. We reverse.

On February 5, 1990, garnishors obtained a net judgment of $3,634 on their counterclaim against David Lloyd Edgar. On April 6, 1990, garnishors requested a garnishment be served on Bank regarding: "Account in the name of David orPPeggy [sic] Edgar, Account No. 08828978, or any other account which includes the name David Lloyd Edgar or David Edgar." In its responses to Interrogatories to Garnishee, Bank stated it did not have any property, money or effects of the judgment debtor in its possession or control. The Bank further responded:

David and Peggy Edgar, husband and wife, did have account # 882–897–8 at American Bank of Rolla, f/k/a First State Bank of Rolla. A copy of the account card is attached hereto. The depositors owned the account as tenants by the entirety. Sec. 362.470.5. See *Strout Realty, Inc. vs. Henry,* 758 S.W.2d 197, 198 (Mo.App., S.D.1988).

The account card attached to Bank's interrogatory answers stated the account name was "David or Peggy Edgar," the account was "Joint" and it was dated "4–17–80."

In their exceptions to Bank's answers, garnishors asserted that David Edgar's "previous representations, as well as documents produced by Plaintiff pursuant to a Request For Production of Documents in this matter establish that the account against which [garnishors] have filed their execution, levy and garnishment is Plaintiff's sole and separate account used for business purposes." Garnishors also asserted that their motion to add Edgar's wife in the underlying proceeding had been denied "based upon the representations of Plaintiff and his counsel that said Peggy Edgar had nothing to do with the operation of Plaintiff's business nor with the funds on deposit in the subject account." Thus, garnishors argued, "by virtue of the prior representation to this Honorable Court, Plaintiff [David Edgar] should not be permitted to avoid execution, levy and garnishment of his judgment creditors by now asserting that the subject account is a joint account with his wife which is used for business and personal matters." Garnishee Bank filed its response to the exceptions denying garnishors' allegations and reasserting its claim that the account was held by the entireties, and was not subject to execution and garnishment by a judgment creditor of only the husband.

A hearing on Bank's interrogatory answers, garnishors' exceptions and Bank's response was held; it appears that no testimony or evidence was presented. Following the hearing, the trial court entered findings of fact, conclusions of law, and judgment. The trial court found that "at the time of oral argument on Defendants' Motion to Join Person Needed For Just Adjudication, Plaintiff made clear and unequivocal representations to the Court that Peggy Edgar had nothing whatever to do with the operation of Plaintiff's business or with the funds on deposit in the bank account against which Defendants' garnishment and execution have now been filed." The trial court sustained garnishors' exceptions to Bank's interrogatory answers, and judgment was entered for garnishors and against Bank in the amount of $3,899.74. The trial court denied Bank's motion for attorney's fees.

In its first point, Bank contends the trial court erred in sustaining garnishors' exceptions to Bank's interrogatory answers and

entering judgment against Bank, because "the bank account in question was held as a tenancy by the entirety and as such was not subject to garnishment by a creditor of one spouse." Bank's second point alleges the trial court's finding that David Edgar had earlier represented that his wife had no connection with the bank account was "totally without support in the record." We consider Bank's first and second points together.

■ "An execution arising from a judgment against the husband alone ordinarily cannot affect a bank account or other property held by a husband and wife as tenants by the entirety." *Vaughn v. Spitz*, 682 S.W.2d 847, 848 (Mo.App.1984). Under Missouri law, bank accounts can be held as tenants by the entirety "where one spouse can draw upon the account if there is 'an agreement that the money can be paid to either or only one of them'." *Strout Realty, Inc. v. Henry*, 758 S.W.2d 197, 198 (Mo.App.1988) (quoting *Leuzinger v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 396 S.W.2d 570, 580 (Mo. banc 1965)).

■ The account card filed with Bank's interrogatory answers bore purported signatures of David Edgar and Peggy Edgar. The card set forth the following agreement:

"The undersigned joint depositors, hereby agree each with the other and with the above bank that all sums now on deposit heretofore or hereafter deposited by either or both of said joint depositors with said bank to their credit as such joint depositors with all accumulations thereon, *are and shall be owned by them jointly with right of survivorship and be subject to the check or receipt of either of them or the survivor of them and payment to or on the check of either or the survivor shall be valid and discharge said bank from liability.*" (Emphasis added).

In light of that agreement, the undisputed fact that David and Peggy Edgar are husband and wife, and the absence of any challenge to the authenticity of the signatures on the card, it is apparent the account is held as tenants by the entirety.

■ As noted in *Vaughn*, "[c]reditors may reach funds in the bank account of another if the funds actually belong to the debtor." *Vaughn*, 682 S.W.2d at 848. "[I]f the creditor contends that the debtor created an apparent ownership of his property so as to defraud creditors, a garnishment proceeding is an appropriate proceeding to determine if there has been a fraudulent transfer." *Id.* Garnishors, however, had the burden of proving facts essential to the garnishee's liability. *Williamson v. Home Ins. Co.*, 778 S.W.2d 281, 282 (Mo. App.1989). Thus, it was garnishors' burden to prove their contention that the joint bank account opened almost ten years earlier was David Edgar's business account in which his wife had no interest.

■ Garnishors contend that they met their burden. The trial court's judgment in the garnishment action included a specific finding that:

[A]t the time of oral argument on Defendants' Motion To Join Person needed For Just Adjudication, Plaintiff [David Edgar] made clear and unequivocal representations to the Court that Peggy Edgar had nothing whatever to do with the operation of Plaintiff's business or with the funds on deposit in the bank account against which Defendants' garnishment and execution have now been filed.

Garnishors, however, presented no evidence at the garnishment hearing. Rule 90.13(e) provides that the issues tried shall be those raised by the garnishor's exceptions and the garnishee's response. Thus, the trial court's finding is based solely on unrecorded testimony in a prior proceeding to which Bank was not a party. As such, Bank was not afforded an opportunity to cross-examine. That testimony is insufficient to support a determination that the account was a business account in which Peggy Edgar had no interest.

Garnishors failed to meet their burden of proving a fraudulent transfer and Bank's liability to garnishor. Since no substantial evidence was presented to support the judgment, the judgment in favor of garnishors is reversed. *Murphy v. Carron,*

536 S.W.2d 30, 32 (Mo. banc 1976). Bank's first and second points are granted.

Bank's third point alleges the trial court erred in concluding that garnishors "had timely filed their exceptions to the answers to interrogatories to garnishee and in sustaining the exceptions in that said exceptions were filed more that ten days after service of the answers without proper extension of time under rule 44.-01(b)." In light of our holding under Banks first and second points, we decline to address bank's third point, except to note that although Rule 44.01(b) affords the trial court discretion in granting extensions of time after the expiration of a specified period, circumvention of the notice and motion requirements set out in the rule is not encouraged. *See Troxell v. Welch*, 687 S.W.2d 902, 909 (Mo.App.1985).

In its final point, Bank contends the trial court improperly denied its motion for attorney's fees. We agree.

The trial court found Bank's request for $1,306.05 attorney's fees incurred in opposing garnishors' exceptions, execution, and garnishment were "reasonable with respect to the services rendered to [Bank]." However, the trial court concluded Bank was not entitled to its attorney's fees, because garnishors filed exceptions to Bank's interrogatory answers, and garnishors were entitled to recover judgment against Bank.

For the reasons set forth in our discussion of point three, we need not determine whether Bank is entitled to attorney's fees under Rule 90.18(a), which provides for an "Allowance to Garnishee if Answer is Not Excepted to or Denied." Because the judgment in favor of garnishors is reversed, Bank is entitled to a judgment against garnishors for its reasonable attorney's fees pursuant to Rule 90.18(b). Bank's fourth point is granted.

Prior to the submission of this case, Bank filed a motion with this court pursuant to Rules 90.18 and 84.21, seeking an allowance for expenditures paid or incurred upon appeal, including attorney's fees. Bank also filed a sworn statement of expenditures setting out fees paid of $3,007.00 as of the date of the statement and estimated fees to the conclusion of the appeal of $2,000. Garnishors filed no objections to that statement. Rule 84.21.

In their brief, garnishors contend Bank is not entitled to attorney's fees, because Bank "has not been a mere stakeholder of the amounts on deposit in the bank account at issue, but, rather, has been an active litigant in an attempt to preserve those amounts for the benefit of its customer." Garnishors rely on *Ferneau v. Armour & Co.*, 303 S.W.2d 161 (Mo.App. 1957), where the court denied garnishee's request for allowance of attorney's fees on appeal, stating garnishee had become a litigant and, "having lost," was not entitled to indemnity for attorney's fees. *Id.* at 169. In the present case, the trial court erred in entering judgment in favor of garnishors. Thus we hold Bank is entitled to indemnity for its attorney's fees on appeal pursuant to Rules 90.18 and 84.21.

Bank's motion is granted. The allowance of expenses is governed by Rule 90.18 and § 525.240 RSMo 1986, "neither of which contemplates invocation of equitable principles ..." to restrict allowance where the judgment creditor fails to recover judgment against the garnishee. *O'Dell Plumbing v. Clayton Greens Nursing Center*, 676 S.W.2d 528, 531 (Mo.App.1984). As noted, Bank attached a copy of the account card to its interrogatory answers. Thus, the nature of the account was disclosed to garnishors before they filed exceptions to Bank's answers and elected to pursue this garnishment action.

In addition to the $1,306.05 attorney's fees Bank is entitled to under Rule 90.-18(b), garnishors are ordered to indemnify Bank in the amount of $3,007.00 for attorney's fees which Bank states it incurred and paid from December 26, 1990 to May 25, 1991, in connection with this appeal. Further, garnishors are ordered to indemnify Bank in the amount of $500 for attorney's fees incurred subsequent to May 25, 1991 through the conclusion of this appeal.

The trial court's judgment is reversed. The cause is remanded with directions to enter judgment in favor of Bank and

against garnishors, to award Bank $1,306.05 for attorney's fees incurred prior to appeal, and to award Bank $3,507.00 for attorney's fees incurred on appeal.

KAROHL and SMITH, JJ., concur.