Karen A. BALDRIDGE, Respondent,

v.

David B. LACKS, et al., d/b/a Love, Lacks & Paule, A General Partnership, Defendants,

Commerce Bank of St. Louis, N.A., Appellant.

No. 65102.

Missouri Court of Appeals, Eastern District, Division One.

Aug. 23, 1994.

Gregory F. Herkert, Clayton, for appellant.

William K. Meehan, W. Morris Taylor, Clayton, for respondent.

GARY M. GAERTNER, Judge.

Appellant, Commerce Bank of St. Louis, appeals from the order of the Circuit Court of St. Louis County denying appellant's motion to set costs pursuant to Rule 90.18. We reverse and remand.

On March 8, 1993, respondent, Karen A. Baldridge, obtained judgment against defendants, David B. Lacks, et al., for the sum of $6,834,926.[1]

On March 12, 1993, the circuit court issued garnishment against appellant/garnishee. On March 31, 1993, appellant filed a motion to quash garnishment and for costs.

On June 11, 1993, respondent remitted the sum of $4,409,960 from the judgment entered on March 8, 1993. On June 21, 1993, defendants and The Bar Plan Mutual Insurance Company, surety for defendants, filed motions to set the supersedeas bond. On June 21, 1993, the circuit court fixed the amount of the bond at $2,900,000. On July 9, 1993, the circuit court approved surety's supersedeas bond for $1,000,000. On July 12, 1993, the court approved defendants' bond for $1,900,000.[2]

On August 30, 1993, respondent/garnishor dismissed her garnishment of appellant.[3] On October 18, 1993, the circuit court denied appellant's motion for costs, ruling the supersedeas bond waived appellant's rights pursuant to Rule 90.18. Also, the court ruled the Rule 90.18 motion for costs was premature. This appeal from the order ensued.

■ Before we address appellant's points, respondent raises two peripheral defenses. First, respondent claims the circuit court's denial of appellant's motion for costs does not constitute a final judgment and, therefore, cannot be reviewed. We disagree. In *Gould v. Mo. State Bd. of Registration*, 826 S.W.2d 101, 102 (Mo.App.E.D.1992), this Court explained that a final judgment disposes of all issues and leaves nothing for future determination.

In *Edgar v. Ruma*, 823 S.W.2d 59, 62 (Mo.App.E.D.1991), this Court reviewed a circuit court's denial of a motion for costs. There, the circuit court ordered garnishment against American Bank of Rolla. *Id.* at 60. The circuit court then denied bank's motion for costs made pursuant to Rule 90.18. *Id.* Bank appealed the order granting garnishment and this Court reversed the garnishment. *Id.* at 61. The court then reversed the circuit court's denial of bank's motion for costs. *Id.* at 62. In effect, this Court reviewed the denial of a garnishee's motion for costs made pursuant to Rule 90.18. The denial of said motion constituted final judgment. Here, the circuit court's determina-

---

1. An amended judgment was subsequently entered by the trial court in the remitted amount of $2,424,966. Defendants appealed from the judgment and plaintiff cross-appealed the remitted judgment. In *Baldridge v. Lacks*, 883 S.W.2d 942 (Mo.App.E.D.1994), this Court reversed the judgment and remanded for a new trial and dismissed the cross-appeal as moot.

2. Actually, defendants filed a bond for $200,000 and agreed to pay $10,000 monthly into the court's registry until reaching the total of $1,900,000.

3. Thus, on August 30, 1993, the circuit court denied appellant's motion to quash garnishment as moot; however, the court allowed a hearing for the motion for costs.

tion disposed of all issues related to the determination of garnishee's costs acquired during this garnishment action. Also, the circuit court's decision left nothing for future determination on these issues. Therefore, we hold that we can review the denial of appellant's Rule 90.18 motion.

Second, respondent claims appellant's brief should not be reviewed since the brief does not conform to the requirements of Rule 84.04 and *Thummel v. King*, 570 S.W.2d 679 (Mo. banc 1978). We disagree. We find no problem with appellant's brief.

Appellant raises two points on appeal. First, appellant argues the filing of the supersedeas bond did not extinguish appellant's rights under Rule 90.18 and the motion was not premature. Second, appellant contends the circuit court erred in not granting appellant's *motion for costs*. We agree.[4]

■ First, appellant argues the circuit court erred in ruling the supersedeas bonds filed by surety and defendants cut off appellant's rights under Rule 90.18. We agree. Surety and defendants filed supersedeas bonds on July 9 and July 12, respectively. "The *sole effect* of the giving of the appeal [i.e. supersedeas] bond is to stay execution on the judgment pending the appeal, and its obvious purpose and intent is to indemnify the appellee against damages resulting from such stay." *Stroope v. Ross*, 116 S.W.2d 557, 559 (Mo.App.St.L.D.1938) (emphasis added). In other words, a supersedeas bond cannot waive a garnishee's rights under Rule 90.18 since the *only* effect of the bond is to stay execution. Point granted.

■ Second, appellant claims the circuit court erred in denying appellant's Rule 90.18 motion for costs. We agree. Rule 90.18(b) states:

> If a garnishor *does not recover judgment* against the garnishee, all of the costs attending such garnishment shall be taxed against the garnishor. The court in such case shall render judgment in favor of the garnishee and against the garnishor for an

amount sufficient to indemnify him [the garnishee] for his time and expenses, including attorney's fees.

Rule 90.18(b) (emphasis added). This is an issue of first impression. Here, respondent/garnishor voluntarily dismissed the garnishment; therefore, garnishor did not "recover" judgment. "Recover" is defined by Black's Law Dictionary as: " ... to be successful in a suit, to collect or obtain amount...." Black's Law Dictionary 1147 (5th ed. 1979). By voluntarily dismissing, respondent failed to collect or obtain an amount and was not successful in the garnishment proceeding. Thus, respondent failed to "recover" judgment against appellant by dismissing the garnishment. Rule 90.18(b) requires respondent/garnishor to reimburse garnishee costs, including attorney's fees, attendant to the proceeding. In addition, Rules 90.18(b) and 84.21 require respondent to reimburse appellant for costs attendant to the appeal of this action. See, *Edgar v. Ruma*, 823 S.W.2d at 62; Rule 84.21.

■ Finally, appellant asserts the circuit court erred in ruling that appellant's Rule 90.18 motion was premature. We agree. The circuit court ruled in this manner because two causes related to the underlying lawsuit were awaiting disposition on appeal.[5] However, this particular garnishment action and the Rule 90.18 motion are independent of the aforementioned appeals. The language of Rule 90.18(b) highlights its independent nature. Under Rule 90.18(b) garnishee can recover costs "attending *such* garnishment [proceeding]...." (emphasis added). The language will not allow appellant to recover costs for this present action if respondent again attempts, but fails, to garnish appellant. Also, even though judgment against defendants has been reversed on appeal, appellant has still suffered costs from the failed garnishment action brought by respondent. In effect, appellant had no other option but to bring the Rule 90.18 motion due to the language of the rule.

4. We shall address appellant's points in their most logical sequence.

5. As stated above, the causes were reversed and remanded by this Court July 26, 1994. *Baldridge v. Lacks,* Cause Nos. 64242 & 64243 Slip op., —— S.W.2d —— (Mo.App.E.D. July 26, 1994).

Based on the foregoing, the actions of the circuit court are reversed and the cause is remanded for assessment of costs and attorney's fees pursuant to Rule 90.18, including costs and attorneys fees incurred in prosecuting this appeal.

REINHARD, P.J., and CRAHAN, J., concur.

