TYSON ET AL., APPELLEES, *v.*
NETTLER, D.B.A ED'S AUTO SALES;
SOCIETY BANK OF EASTERN OHIO,
N.A., APPELLANT.

(No. CA-7288—Decided
December 21, 1987.)

*Phillip D. Schandel* and *John V. Boggins,* for appellees.
*Krugliak, Wilkins, Griffiths & Dougherty Co., L.P.A.,* and *Russ Kendig,* for appellant.

MILLIGAN, P.J. The Massillon Municipal Court found garnishee, Society Bank of Eastern Ohio, N.A. ("bank"), appellant, guilty of civil contempt for failure to properly respond to garnishment proceedings and granted judgment against the bank in the amount of $928.11, the balance in the account of the judgment debtor of garnishor-appellee, on the date the order was received by appellant. The bank appeals, assigning a single error:
"The Massillon Municipal Court erred in finding Society Bank of Eastern Ohio, N.A., in contempt of court for failure to properly answer a garnishment because the defendant and the account were inadequately identified pursuant to R.C. 2716.11."

Plaintiffs-appellees procured default judgment against Ed Nettler, d.b.a. Ed's Auto Sales. Two months later, the judgment creditors-appellees filed multiple garnishments in an effort to satisfy their judgment.

The bank was served with a pre-printed form entitled "Affidavit, Order, and Notice of Garnishment and Answer of Garnishee." Several blanks on the form were incomplete, including the addresses of the plaintiffs and defendant, and the docket and the page of the judgment.

At that time, the bank had an account in the name of Ed's Auto Sales, the sole signatory being "Edward R. Netler," not "Ed Nettler."

The bank answered the garnishee portion of the form, returning it to the court. This form provided only for "yes" and "no" answers to the question whether "he had any money, property, or credits other than personal property, or credits other than personal earnings of the defendant under his control and in his possession." The bank crossed out this section, and wrote on the line for "description of property": "We are unable to identify defendants. In order to attach, please reissue with a Social Security Number, address, etc." There was $928.11 in the account when the bank answered as indicated. By the time garnishment was reissued, the account was overdrawn.

After a hearing, the trial court found that the bank was garnished when the order was received by its employee in charge of garnishments;

that the garnishment was against "Ed Nettler dba Ed's Auto Sales," who had a checking account at Society Bank in the name of "Ed's Auto Sales," and the only authorized signature on said account was "Edward R. Netler." (The trial court incorrectly identified the authorized signature as *Nettler*.)

The court further found that there were no other accounts at the bank in the name of "Ed's Auto Sales" and that the garnishee failed to answer properly the garnishment.

The garnishment statute, R.C. 2716.11, provides, in relevant part:

"A proceeding for garnishment of property, other than personal earnings, may be commenced after a judgment has been obtained by a judgment creditor by the filing of an affidavit in writing made by the judgment creditor, his agent, or attorney setting forth:

"(A) The name of the judgment debtor * * *[.]"

The garnishment fails to name a person who has an account at appellant bank.

At the hearing, it became clear that Edward R. *Netler* was the same person as Ed *Nettler*, the person against whom judgment had been procured and against whose account the garnishment was directed.

The question becomes: As between a garnishing judgment creditor and a stakeholder bank, who bears the risk of nondiscovery of an account because of a misspelled surname?

Appellant argues that modern commercial transactions require specificity and that the sheer volume of accounts, coupled with the necessary computer identification and retrieval, further impelled by confidentiality

laws, require accurate spelling and account description.[1] We conclude that where the judgment creditor misspells the surname and fails to provide additional identifying information, the risk of nonidentification of an account held by the judgment debtor, in fact, befalls him who creates the dilemma in the first instance, *i.e.*, the judgment creditor.

Appellant urges that this is a case of first impression in Ohio. We find no Ohio cases on point. See *Great Western Beef Co.* v. *Canton Steak, Inc.* (Nov. 3, 1986), Stark App. No. CA-6903, unreported, speaking to issues of identity and sanctity of bank accounts. See, also, *Redisco* v. *Laredo Mopac Emp. Credit Union* (Tex. App. 1974), 516 S.W. 2d 197, 199:

"It is required that the garnishment writ give an accurate description of the debtor by correctly giving his name, and failing in this respect, the garnishee can claim to be relieved of responsibility to the garnishor if the garnishor does not show that the garnishee otherwise had knowledge of the identity of the debtor."

The single assignment of error is sustained, the judgment of the Massillon Municipal Court is reversed and, pursuant to App. R. 12(B), final judgment is entered in favor of garnishee-appellant, Society Bank of Eastern Ohio, N.A.

*Judgment reversed.*

WISE, J., concurs.

TURPIN, J., dissents.

TURPIN, J., dissenting. This is an appeal from the decision of the Massillon Municipal Court finding appellant Society Bank in contempt of court and ordering it to pay appellees $928.11.

---

[1] The appellant bank had some two hundred thousand demand accounts posted in the bank branch in question.

* * *[2] The trial court made separate findings of fact:

"1. The Garnishee, Society Bank of Eastern Ohio, N.A., was properly garnished on March 13, 1987 when the order was received by Annette B. Smith, the person in charge of garnishment matters for Garnishee.

"2. The garnishment was against 'Ed Nettler, dba Ed's Auto Sales' who had a checking account at Society Bank of Eastern Ohio, NA, in the name of 'Ed's Auto Sales' and the only authorized signature on said account was Edward R. Nettler [sic].

"3. There were no other accounts at said bank in the name of Ed's Auto Sales.

"4. The balance in said account on March 13, 1987 was Nine Hundred Twenty-Eight Dollars and Eleven Cents ($928.11) which was not frozen by Garnishee, nor did the Garnisheee [sic] properly answer said garnishment."

* * *

Appellant's brief offers several persuasive arguments, which strongly demonstrate the need for legislation to carefully define the requirements for attachment and properly safeguard banks and their customers from serious harm caused by inaccuracies. This court is very sympathetic to the plight of appellant and, indeed, to the plight of all bailees, employers, and all else who may become subject to the demands of creditors through the garnishment statutes. A careful review of R.C. 2716.11 et seq. shows that all the judgment creditor is required to state is "name of the judgment debtor." Certainly, in very many cases, the bare name of the debtor is grossly insufficient to identify one person out of a multitude, as appellant's brief eloquently points out. I also must agree

---

² The dissenting opinion as it appears herein was abridged by Judge Turpin.

with appellant that the appellees were less than diligent in completing their affidavit and, had all the blanks been completed, perhaps the situation would not have arisen. Nevertheless, I would overrule appellant's assignment of error and affirm the judgment of the municipal court for the reasons stated below.

The appellant fails to specifically attack any of the findings of fact made by the trial court. The court's unchallenged Finding of Fact No. 1 states that the garnishment was proper. A review of the evidence indicates that there was sufficient competent and credible evidence to support this finding of fact. However inadequate the requirements of the statute, there is no question that appellees complied with the statute.

The trial court's unchallenged Finding of Fact No. 2 states that the account which appellant had in its control belonged in fact to the debtor. A review of the transcript of proceedings and the pleadings filed by the parties indicates that appellant never raised the defense that the account did not belong to the judgment debtor at trial. In fact, once the garnishment order was reissued with the address of debtor, but with the name Nettler still incorrectly spelled, appellant filed an answer, on March 26, which conceded the existence of the account but stated that there were no funds in it. I feel this was an admission that the account was owned by the debtor. Appellant is barred from arguing now that the account did not in fact belong to this debtor.

The focus of appellant's argument appears to be that there frequently arise cases in which there is more than one person who could be the debtor or, in cases like the one at bar, where there is apparently no person who exactly fits the description of the debtor. Appellant asks upon whom is the

burden of identifying the debtor and his property. For assistance, I must look to the statutes involved.

R.C. 2716.11 states in pertinent part:

"A proceeding for garnishment of property, other than personal earnings, may be commenced after a judgment has been obtained by a judgment creditor by the filing of an affidavit in writing made by the judgment creditor, his agent, or his attorney setting forth:

"(A) The name of the judgment debtor whose property, other than personal earnings, the judgment creditor seeks to garnish;

"(B) That the affiant has good reason to believe and does believe that the person named in the affidavit as the garnishee has property, other than personal earnings, of the judgment debtor that is not exempt under the law of this state or the United States;

"(C) A description of the property."

R.C. 2716.13(B) states in pertinent part:

"* * * the clerk of the court shall immediately issue to the garnishee three copies of the order of garnishment of property, other than personal earnings, together with the garnishee's fee required by section 2716.12 of the Revised Code and with a written notice that the garnishee answer as provided in section 2716.21 of the Revised Code. * * *"

R.C. 2716.21(B) states in pertinent part:

"* * * If a garnishee answers and it is discovered that, at or after the service of the notice upon the garnishee, he possessed any money, property, or credits of the judgment debtor or was indebted to the judgment debtor, the court may order the payment of the amount owed into court, or it may permit the garnishee to retain the money, property, or credits or the amount owed upon his executing to the judgment creditor a bond with sufficient surety to the effect that the amount will be paid as the court directs."

I find that these statutes allocate the burden of identifying the debtor as the depositor squarely upon the garnishee.

The statute requires that the judgment creditor in its affidavit give only the name of the debtor, not the address, Social Security number, federal tax identification number, or any other identifying information. Further, there is no requirement that this affidavit be served with the order upon the garnishee.

R.C. 2716.21(B) provides that if the garnishee had any assets of the judgment debtor when he received the order, then he must pay them over.

The statute does not say it applies only if a garnishee knowingly and falsely represents the case, or if he negligently fails to discover assets he has. The statute is equally silent as to who it is who discovers the assets; that is, the court, the judgment creditor or even the garnishee could discover after the answer was filed that the garnishee had assets. Likewise, the statute does not specify whether this occurs only when a garnishee answers in the negative, or only when he answers in the affirmative. The statute simply makes the garnishee liable to the court and to the judgment creditor for any assets he may have had when or after the garnishee received notice of the order. I do not see how else the statute can be read.

Appellant argues that the burden should properly lie with the judgment creditor since he has access to the necessary information. I am not persuaded that this is accurate. The bank has all the information which is in the court record, it has access to the public records such as telephone books and city directories, and most importantly,

it has its confidential files against which it must cross-check the information. The judgment creditor may not be in the position to determine what information will be helpful to the bank. Appellant argues that we should place the burden upon the party who can most easily avoid problems. I agree, but I feel that that party is the garnishee.

This will not force banks to violate their duty to keep depositors' records confidential as appellant argues. Certain cases may require banks to request more information and, in those cases, they may do so without divulging any information, as in fact appellant did in its answer of March 13.

Finally, I think that if the garnishee bears the burden of clarifying whether an account it holds is under a garnishment order, then there will be fewer cases in which innocent parties are garnished in error, or in which the garnishment fails. Admittedly, there will be occasions when, despite best efforts, the judgment debtor's assets will be lost to the creditor, or when the wrong account will be garnished. Far more mistakes will be made, however, if, as in the case at bar, the garnishee does not take the simple steps it could to identify whether or not its depositor is the person sought to be garnished.

A quick review of the facts in the case at bar indicates that appellant had not one but two names of reference for this account, to wit: Ed Nettler and Ed's Auto Sales. The address where the original small claims summons was served matched the depositor's address in the bank's records. A review of the pleadings in the original action shows Ed Netler (one "t") filed objections to the finding of the referee in the original action. Appellant in its answer of March 26 had no difficulty in identifying the then-overdrawn account. The lower court apparently felt that appellant should have known that the account held was under a garnishment order, and I agree.

Because the statute makes the garnishee liable without defense to the creditor, it follows that it must make whatever efforts it can to ensure that the garnishment order is obeyed. I find that the appellant should have checked the court records, the telephone book, and the city directory, at least, for cross-references to identify this depositor before it answered the court order. Having failed to do so, it was correctly found in contempt of court, and I must respectfully dissent.