660 A.2d 1043

## MARYLAND NATIONAL BANK

v.

## PARKVILLE FEDERAL SAVINGS BANK.

### No. 1568, Sept. Term, 1994.

Court of Special Appeals of Maryland.

June 30, 1995.

Glen P. Smith, Atlanta (Robert S. Brennen, Joseph W. Hovermill and Miles & Stockbridge, on the brief), Baltimore, for appellant.

Steven M. Caplan, Towson, for appellee.

Argued before WILNER, C.J., and FISCHER and HARRELL, JJ.

FISCHER, Judge.

Appellant, Maryland National Bank (Maryland National), appeals from the order of the Circuit Court for Baltimore County granting summary judgment in favor of appellee, Parkville Federal Savings Bank (Parkville Federal), and the

denial of appellant's motion for summary judgment. Appellant raises a single issue for our review: Did the circuit court err in holding that the writ of garnishment was effective to attach the property of a judgment debtor not named in the writ?

## Facts

On March 22, 1993, Parkville Federal obtained final judgments against four separate defendants: People's Transportation, Quality Plus, Peter R. Schanck, and Charles G. Fagan. On March 23, 1993, Parkville Federal filed a request for a writ of garnishment of property (the "request") with the circuit court. The request sought a writ of garnishment of any property held by Maryland National that belonged to People's Transportation, Quality Plus, Inc., Peter R. Schanck, or Charles G. Fagan. The clerk of the circuit court issued a writ of garnishment of property that identified the judgment debtor as "People's Transportation, Inc., et al." The address of the judgment debtor was listed as "16101 Chargin Blvd., Shaker Heights, Ohio 44120". The writ did not identify any other judgment debtors or supply any other addresses.

On March 26, 1993, Parkville Federal served by private process the writ and the request on Maryland National. On April 22, 1993, Maryland National filed a plea of nulla bona, stating that, at the time that it was served with the writ, Maryland National did not have any credits or assets belonging to People's Transportation. On May 25, 1993, Parkville Federal filed a reply to Maryland National's plea of nulla bona. Parkville Federal also filed a request for an order of default for Maryland National's failure to answer for Quality Plus, Inc., Peter R. Schanck, and Charles G. Fagan. The circuit court issued an order of default for failure to plead for all the defendants except People's Transportation.

Maryland National filed a motion to vacate the order of default on June 24, 1993, contending that the writ required it to answer only for People's Transportation and not for the other defendants, who did not appear on the face of the writ. Parkville Federal filed an opposition, and the circuit court

conducted a hearing on the motion on September 2, 1993. The circuit court subsequently vacated the default order and ordered Maryland National to file an answer as to the property owned by Quality Plus, Inc.[1] Maryland National subsequently filed its supplemental answer on September 24, 1993, identifying all the funds belonging to Quality Plus that Maryland National either held at the time of the service of the writ or came into possession of after service of process.

On May 10, 1994, Parkville Federal moved for summary judgment. Maryland National filed an opposition to Parkville Federal's motion and made its own motion for summary judgment. The single issue raised by the motions was the sufficiency of the writ for the judgment debtors who were not named on the face of the writ. On July 7, 1994, the circuit court held a hearing on the motions, and on August 10, 1994, it granted Parkville Federal's motion and denied Maryland National's cross-motion. The circuit court entered a final judgment for Parkville Federal in the amount of $61,902.47, and an additional $4,543.36 in prejudgment interest. Maryland National filed a timely notice of appeal on August 10, 1994.

## Discussion

■ Both Maryland National and Parkville Federal agree that the sole issue in this appeal is the legal sufficiency of the writ of garnishment as applied to the assets that Maryland National held for Quality Plus. The circuit court found that the writ was legally sufficient to attach the assets of all four of the judgment debtors. This determination of the writ's sufficiency is a question of law that this Court subjects to a *de novo* standard of review.

Maryland National contends that the writ of garnishment was insufficient under the Maryland Rules to require attachment of property held by Maryland National that belongs to Quality Plus. Maryland Rule 2–645 establishes the procedure

---

1. The two individual defendants, Peter Schanck and Charles G. Fagan, had filed for bankruptcy protection on June 23, 1993, and July 16, 1993, respectively.

for acquiring a writ of garnishment of property of a judgment debtor that is held by a third party. A judgment creditor may obtain a writ by filing "a request that contains (1) the caption of the action, (2) the amount owed under the judgment, (3) the name and last known address of the judgment debtor, and (4) the name and address of the garnishee." Md.Rule 2–645(b). Upon receiving the request, the clerk of the court issues a writ with the information contained in the request. Md.Rule 2–645(c). The writ must direct the garnishee to hold the property of the judgment debtor until further proceedings concerning the property are completed and file an answer within a specified time or face a judgment by default. Md.Rule 2–645(c). The responsibility of the garnishee is merely to hold the property that it is directed to by the writ. Md.Rule 2–645(c).

This Court has explained that the burden of obtaining a writ that properly identifies the judgment debtor rests on the judgment creditor. In *Flat Iron Mac Associates v. Foley,* 90 Md.App. 281, 295, 600 A.2d 1156 (1992), Chevy Chase Savings Bank, F.S.B. was served by a judgment creditor with a writ of garnishment on the property of Maurice P. Foley. Chevy Chase filed an answer to the writ, stating that it did not hold any property in the name of Maurice P. Foley. The judgment creditor supplied Chevy Chase with evidence that the funds in the account under the name of M. Carol Jawish actually belonged to Maurice P. Foley. Although Chevy Chase did hold property for M. Carol Jawish, it refused to turn over this property to the judgment creditor. Both the judgment creditor and Chevy Chase filed a motion for summary judgment. The circuit court granted summary judgment in favor of Chevy Chase and the judgment creditor appealed to this Court. *Flat Iron Mac Associates,* 90 Md.App. at 288, 600 A.2d 1156.

This Court affirmed the grant of summary judgment in favor of Chevy Chase. *Flat Iron Mac Associates,* 90 Md.App. at 296, 600 A.2d 1156. This Court explained that the fact that Chevy Chase had been told informally that the funds in Jawish's account actually belonged to Foley was not enough to

require the bank to turn over the funds. *Flat Iron Mac Associates,* 90 Md.App. at 295, 600 A.2d 1156. Instead, this Court explained, "Even if Chevy Chase had actual notice of Foley's [the judgment debtor] use of Jawish's account, Chevy Chase had no authority to take action without a court order or decree identifying Jawish's account." *Flat Iron Mac Associates,* 90 Md.App. at 295, 600 A.2d 1156. It is the duty of the judgment creditor who applies for the writ to identify accurately "the debtor and the debtor's property, and to obtain a writ which correctly attached the property." *Flat Iron Mac Associates,* 90 Md.App. at 294, 600 A.2d 1156. This Court concluded that the garnishee is not obligated to search for debtor property under any name that is not specified in the writ of garnishment. *Flat Iron Mac Associates,* 90 Md.App. at 295, 600 A.2d 1156.

The burden to acquire a writ that accurately and specifically identifies the property to be attached rests on the judgment creditor for several reasons. In most cases, as with the instant case, the judgment creditor is better able to identify the assets that must be held than the garnishee, who is not a party to the original action. More important, under Md.Code (1974, 1992 Repl.Vol.), § 5–306 of the Financial Institutions Article, the bank, acting as garnishee, does not have authority to take any action regarding money or property in its possession without first receiving a court order directing the bank to impound the money or property. *See also, Flat Iron Mac Associates,* 90 Md.App. at 294–295, 600 A.2d 1156.

If the garnishee does sequester or freeze assets of the debtor without a court order, it exposes itself to civil liability from the depositor whose property was improperly garnished. *McHugh & Associates v. Commercial & Farmers Bank,* 59 Md.App. 519, 527, 476 A.2d 736, *cert. denied,* 301 Md. 353, 483 A.2d 37 (1984). In *McHugh & Associates,* a judgment creditor received a judgment against Kevin P. McHugh. The judgment creditor then served a writ of attachment on Commercial & Farmers Bank, naming Kevin P. McHugh and

supplying a specific account number. The account that corresponded to the account number had been opened and used by McHugh & Associates, a partnership of which Kevin P. McHugh was one of two partners. Commercial & Farmers Bank seized all the funds in the partnership account. McHugh learned of the attachment and informed the bank that what it seized was a partnership asset and not a personal account. Despite this information, the bank filed a confession of assets for the account. *McHugh & Associates*, 59 Md.App. at 521, 476 A.2d 736.

McHugh & Associates filed a motion to quash the attachment. The attachment was released after McHugh satisfied the original judgment against him. McHugh & Associates then filed suit against the bank in the circuit court for damages based on the improper seizure of the partnership account. The bank filed a motion for summary judgment, which the circuit court granted. McHugh and Associates appealed the grant of summary judgment. *McHugh & Associates*, 59 Md.App. at 520, 476 A.2d 736.

This Court, in reversing the judgment of the circuit court, determined that the improper seizure of assets by the garnishee bank caused the bank to lose the statutory immunity from liability that it normally enjoys. *McHugh & Associates*, 59 Md.App. at 527, 476 A.2d 736. Initially, this Court pointed to Md.Code (1974, 1992 Repl.Vol.), § 5–306 of the Financial Institutions Article to support the conclusion that the bank had improperly seized the account. *McHugh & Associates*, 59 Md.App. at 524–525, 476 A.2d 736. This Court also explained that a creditor could not attach the assets of a partnership to satisfy the debt of an individual debtor. *McHugh & Associates*, 59 Md.App. at 525–526, 476 A.2d 736. We concluded that despite the fact that the court's writ had identified the account by number, by attaching the McHugh & Associates' account, the bank had subjected itself to possible pecuniary damages in favor of the partnership. *McHugh & Associates*, 59 Md.App. at 527, 476 A.2d 736.

■ In the instant case, the writ identifies "People's Transportation, Inc., et al" as the judgment debtor and supplies the address of People's Transportation as the address of the judgment debtor. The face of the writ does not contain any mention of Quality Plus, Peter R. Schanck, or Charles G. Fagan. Parkville Federal argues that the use of the phrase "et al" and the service of the request for the writ are sufficient to require Maryland National to garnish the property of Quality Plus. Parkville Federal maintains that the use of "et al" notifies Maryland National that parties other than just People's Transportation are affected by the writ. Parkville Federal asserts that the request for the writ then acts to supply Maryland National with notice that Quality Plus is one of those additional parties affected by the writ.

■ Parkville Federal's argument is not supported by the language of Md.Rule 2–645. Maryland Rule 2–645 specifically requires that the writ contain the name of the judgment debtor. It is not sufficient that the writ contains a veiled reference to another document that supplies this information to the garnishee. As we stated in *Flat Iron Mac Associates,* it is the obligation of the judgment creditor to obtain a writ that properly identifies the property to be attached, and the garnishee is not required to look any further than the text of the writ itself. The writ that Parkville Federal obtained validly attaches only the property of the party expressly listed on its form, People's Transportation. The circuit court erred in finding the writ sufficient to attach the property of Quality Plus, Peter R. Schanck, and Charles G. Fagan. The circuit court should have entered summary judgment for Maryland National and denied summary judgment for Parkville Federal.

**JUDGMENT REVERSED. CASE REMANDED TO THE CIRCUIT COURT FOR PROCEEDINGS CONSISTENT WITH THIS OPINION.**

**COSTS TO BE PAID BY APPELLEE.**