681 A.2d 521

**PARKVILLE FEDERAL SAVINGS BANK**

**v.**

**MARYLAND NATIONAL BANK.**

**No. 121, Sept. Term, 1995.**

Court of Appeals of Maryland.

Aug. 29, 1996.

414

Steven M. Caplan, Towson, for Petitioner.

Glen P. Smith, Senior Counsel, Atlanta, GA (Robert S. Brennen, Joseph W. Hovermill, Miles & Stockbridge, on brief), Baltimore, for Appellee.

Argued before MURPHY, C.J., and ELDRIDGE, RODOWSKY, CHASANOW, KARWACKI, BELL and RAKER, JJ.

CHASANOW, Judge.

We are called upon in this case to determine whether a writ of garnishment issued pursuant to Maryland Rule 2–645 is effective to attach the property of judgment debtors not named in the writ, but listed on an attached pleading prepared by the judgment creditor. We hold that the writ of garnishment issued in the instant case was not sufficient to attach the property of debtors not identified on the writ itself.

## I.

In March of 1993, Parkville Federal Savings Bank (Parkville) obtained judgments against four defendants: People's Transportation, Inc., Quality Plus, Inc., Peter R. Schanck and Charles G. Fagan. Pursuant to Md. Rule 2–645, Parkville filed a request for a writ of garnishment in the Circuit Court for Baltimore County. The request was date stamped March 18, 1993 and sought a writ of garnishment (writ) of any property held by Maryland National Bank (Maryland National) that was owned by any of the four judgment debtors. The clerk issued a writ on March 23, 1993.

The writ consisted of a form captioned "CIRCUIT COURT FOR BALTIMORE COUNTY * * * WRIT OF GARNISHMENT OF PROPERTY" with various blank spaces where the clerk typed the required information. In the space provided for "Defendant/Judgment Debtor" the clerk entered "People's Transportation, Inc., et al." The only address of the judgment debtor provided on the form was "16101 Chargin Blvd., Shaker Heights, Ohio, 44120," the address for People's Transportation. The writ did not name any of the other three debtors listed in the request, or provide any of their addresses. The writ was served on Maryland National on March 26, 1993. Stapled to the writ was a copy of the request, which listed the names and addresses of the three other judgment debtors not identified on the writ itself.

After being served with the writ and attached request, Maryland National filed a plea of nulla bona, asserting that it did not have in its possession any assets owned by People's Transportation. Maryland National did not respond regarding any assets owned by the other three debtors who were listed on the attached request. After the plea was filed, counsel for Parkville contacted Maryland National's counsel and inquired as to why Maryland National had not filed an answer with respect to any of the judgment debtors that, although not identified on the writ, were listed in the attached request. Maryland National advised Parkville that it was not required to respond regarding the assets of debtors that were not named on the writ itself.

Shortly thereafter, Parkville filed a motion for an order of default, arguing that Maryland National was in default for failing to file an answer concerning the assets of the other three debtors: Quality Plus, Inc., Peter R. Schanck and Charles G. Fagan. The circuit court granted the motion on May 26, 1993 and entered an order of default against Maryland National. Maryland National subsequently filed a motion to vacate the order of default, contending that it was only required to answer for People's Transportation, not for the other debtors who were not listed on the face of the writ. The circuit court granted Maryland National's motion on Septem-

ber 2, 1993, but also ordered Maryland National to file an answer as to any assets owned by Quality Plus, Inc.[1] Maryland National complied, filing a supplemental answer, which indicated that Quality Plus had an account at Maryland National that contained $13,473.09 at the time of the service of the writ. Maryland National also acknowledged that an additional $50,044.43 passed through the Quality Plus account after the service of the writ. The supplemental answer indicated that none of the funds remained in the account.

Parkville moved for summary judgment against Maryland National in May of 1994, contending that Maryland National had improperly released a total of $61,902.47 [2] from the Quality Plus account in violation of the writ, and hence was liable to Parkville for the full amount released. Maryland National filed a cross-motion for summary judgment, arguing that it was not liable to Parkville because the writ had not sufficiently identified Quality Plus as a judgment debtor. After a hearing, the circuit court granted Parkville's motion and entered judgment against Maryland National for $61,902.47 plus $4,543.36 in pre-judgment interest.

Maryland National appealed to the Court of Special Appeals on the sole question of whether the writ served on Maryland National required the bank to garnish the funds in the Quality Plus account. The Court of Special Appeals reversed the circuit court, holding that the writ served on Maryland National did not adequately identify Quality Plus as a judgment debtor, and hence Maryland National was not required to hold the funds in the Quality Plus account based on the writ. *Maryland National v. Parkville Federal,* 105 Md.App. 611,

---

1. The two remaining debtors, Peter R. Schanck and Charles G. Fagan, filed for bankruptcy protection prior to the order vacating default. Hence, we will discuss only whether the writ applied to Quality Plus, Inc.

2. Maryland National's supplemental answer indicated that a total of $63,517.52 had been in its possession, but during discovery the parties agreed that the correct figure was $61,902.47.

660 A.2d 1043 (1995). We granted Parkville's petition for certiorari.

## II.

### A.

A writ of garnishment is a means of enforcing a judgment. It allows a judgment creditor to recover property owned by the debtor but held by a third party. *See* PAUL V. NIEMEYER AND LINDA M. SCHUETT, MARYLAND RULES COMMENTARY at 518 (2nd ed. 1992). As this Court explained in *Fico, Inc. v. Ghingher,* 287 Md. 150, 411 A.2d 430 (1980):

> "A garnishment proceeding is, in essence, an action by the judgment debtor for the benefit of the judgment creditor which is brought against a third party, the garnishee, who holds the assets of the judgment debtor. An attaching judgment creditor is subrogated to the rights of the judgment debtor and can recover only by the same right and to the same extent that the judgment debtor might recover. The judgment itself is conclusive proof of the judgment debtor's obligation to the judgment creditor. The sole purpose of the garnishment proceeding therefore is to determine whether the garnishee had any funds, property or credits which belong to the judgment debtor." (Citations omitted).

287 Md. at 159, 411 A.2d at 436.

A judgment creditor may obtain a writ of garnishment by filing a request for a writ with the clerk of the circuit court. Md. Rule 2–645(b). The request must include: (1) the caption of the action in which the judgment was obtained; (2) the amount owed under the judgment; (3) the name and last known address of the judgment debtor; and (4) the name and address of the party holding the property (the garnishee). *Id.* Upon the filing of the request, the clerk is required to issue a writ. *Id.* The writ is to contain all of the information in the request, including the name and address of the judgment debtor, as well as the name and address of the person requesting the writ, and the date of issue. Md. Rule 2–645(c).

■ Once obtained and properly served on the garnishee, a writ of garnishment requires the garnishee to take positive action by holding the property until the entry of judgment in the garnishment action. *Fico,* 287 Md. at 162, 411 A.2d at 437. *See also Flat Iron v. Foley,* 90 Md.App. 281, 292, 600 A.2d 1156, 1161, *cert. denied,* 327 Md. 79, 607 A.2d 921 (1992). Hence, if the garnishee surrenders the property after service of the writ but prior to judgment, the garnishee is liable to the judgment creditor for the value of the debtor's property released. *Bedding Co. v. Warehouse Co.,* 146 Md. 479, 492, 126 A. 902, 907 (1924); *Flat Iron,* 90 Md.App. at 292, 600 A.2d at 1161.

## B.

■ The sole question before us is whether the writ served on Maryland National on March 26, 1993 required the bank to hold the property of Quality Plus, even though the single-page form prepared by the clerk identified the judgment debtor as "People's Transportation, Inc., et al." and Quality Plus was listed as a debtor only on the attached request for the writ. In other words, we must determine whether the writ consisted of the single-page form prepared by the clerk, or whether the writ included the single-page form *plus* the attached request.

Parkville argues that the single-page form prepared by the clerk was merely a judicial "cover sheet," and that the writ itself actually consisted of the form *as well as* the attached copy of Parkville's request for the writ. Parkville contends that the presence of "et al." on the form after People's Transportation provided notice to Maryland National that other judgment debtors were included in the writ. Because the attached request listed Quality Plus as a judgment debtor, and provided the address for Quality Plus, Parkville contends that the writ required Maryland National to hold the assets of Quality Plus. Parkville asserts that "all that was necessary to have avoided entirely the dispute represented by this case was for Maryland National simply to read that which was served upon it."

Conversely, Maryland National argues that only the single-page form prepared by the clerk constituted the writ of garnishment. Because that single sheet listed only one judgment debtor, People's Transportation, Maryland National contends it was required only to answer for property owned by that creditor. Maryland National argues that the use of "et al." on the writ was insufficient to incorporate the information in the attached request, which was prepared by Parkville and bore no indication of approval from the clerk of court.

■ The Court of Special Appeals agreed with Maryland National, explaining:

"Parkville Federal's argument is not supported by the language of Md. Rule 2–645. Maryland Rule 2–645 specifically requires that the writ contain the name of the judgement debtor. It is not sufficient that the writ contains a veiled reference to another document that supplies this information to the garnishee. * * * *[I]t is the obligation of the judgment creditor to obtain a writ that properly identifies the property to be attached, and the garnishee is not required to look any further than the text of the writ itself.* (Emphasis added).

*Maryland National,* 105 Md.App. at 618, 660 A.2d at 1046.

We agree with the Court of Special Appeals. The plain language of Md. Rule 2–645(b) and (c) requires that the writ of garnishment "contain the information in the request," including "the name and last known address of the judgment debtor." Md. Rule 1–202(z) defines a "writ" as a "written order *issued by a court.*" (Emphasis added). In the instant case, only the single-page form was prepared and issued by the clerk of the court. The attached request filed five days earlier that listed Quality Plus as a debtor was prepared not by the clerk, but by Parkville's counsel. The request, captioned "REQUEST FOR WRIT OF GARNISHMENT OF PROPERTY," was signed only by Parkville's attorney and contained no signature, stamp or other indication of approval or ratification by any court official. In fact, although Parkville asserts in its brief that it was the clerk who attached the

request to the writ, there is no evidence in the record establishing how the request became attached to the writ.[3] Furthermore, the single-page form prepared and issued by the clerk seemed by its express language to be applicable to a single judgment debtor and did not contain language attempting to incorporate the attached request into the writ. The writ stated: "[y]ou are hereby directed to hold the property of the Judgment *Debtor named above* subject to further proceedings in this Court." (Emphasis added). The only judgment debtor expressly "named above" was People's Transportation.

Parkville contends that the clerk's use of the term "et al." following People's Transportation on the writ was sufficient to indicate it was applicable to more than one debtor and make the attached request part of the writ. We do not agree. The term "et al." does mean "and others" or "and another." BLACK'S LAW DICTIONARY at 553 (6th ed. 1990). Translated literally, the writ therefore indicated that the judgment debtor was People's Transportation "and others." Aside from indicating that other judgment debtors existed, the use of "et al." did not override other language in the writ. The writ did not notify Maryland National that it was applicable to more than one judgment debtor or notify Maryland National that some or all of the judgment debtors listed in the previously filed request were also included in the writ.[4] The language of the writ seemed to indicate that it was applicable only to the single "judgment debtor named above," *i.e.* People's Transportation.

---

**3.** It is undisputed that the request was stapled to the writ when it was served on Maryland National.

**4.** Given our conclusion that "et al." was insufficient to make the request part of the writ, we need not decide whether an external document may be incorporated by reference into a writ of garnishment. Incorporation by reference of documents into certain court orders is expressly permitted by rule. *See* Maryland Rule S77b (authorizing incorporation of property settlement into decree for divorce, annulment, or alimony). We note that no such rule expressly authorizes incorporation of separate documents into writs of garnishment.

We concur with the Court of Special Appeals that the burden of obtaining a writ that specifically and accurately identifies the judgment debtor rests upon the judgment creditor. *Maryland National,* 105 Md.App. at 616, 660 A.2d at 1045. *See also Flat Iron,* 90 Md.App. at 294, 600 A.2d at 1162. A garnishee should not be required to engage in a questionable interpretation of a particular writ to determine whether the property of a particular judgment debtor is or is not to be garnished. The face of the writ should clearly and unambiguously identify any and all judgment debtors whose property is to be garnished. To hold otherwise would place an unfair burden on the garnishee. *Cf. Flat Iron,* 90 Md.App. at 294, 600 A.2d at 1162 (noting that garnishee is "not obligated to search for the debtor under any name but that specified in the writ of garnishment" nor required "to make detailed inquiries as to the status of any account not listed in the writ to determine" if the funds belong to another party).

The need for certainty in identifying the judgment debtors covered by a writ of garnishment is critical given that a writ requires the garnishee to take positive action and impound assets owned by another party. A banking institution may be held liable for damages if it improperly impounds assets of parties not covered by a writ. *See McHugh & Assocs. v. Comm. & Farm. Bk.,* 59 Md.App. 519, 527, 476 A.2d 736, 740, *cert. denied,* 301 Md. 353, 483 A.2d 37 (1984); *Andree v. Equitable Trust Co.,* 46 Md.App. 688, 693, 420 A.2d 1263, 1266 (1980).[5] Hence, if a banking institution incorrectly interprets an ambiguous writ of garnishment and, as a result, impounds assets owned by a party not actually covered by the writ, the banking institution may be liable for any resulting damages. *See McHugh,* 59 Md.App. at 526–27, 476 A.2d at 740. At the same time, if the banking institution erroneously interprets an ambiguous writ of garnishment as not covering a

---

**5.** Banking institutions have immunity from liability for impounding property claimed by a third party, *but only when that property is impounded pursuant to a court order.* Maryland Code (1980, 1992 Repl.Vol.), Financial Institutions Article, § 5–306(b).

party that turns out to be covered by the writ, and hence does not impound that party's assets, the bank could be liable to the judgment creditor. *See Bedding Co.*, 146 Md. at 492, 126 A. at 907.

These kinds of problems can be avoided by requiring that writs of garnishment clearly and unambiguously identify on their face the judgment debtors to which they apply. Other courts have also recognized the importance of certainty in identifying the debtors on the face of a writ of garnishment:

> "In garnishment proceedings in execution of judgments against multiple debtors, it has been held that each debtor must be named specifically in the garnishee process, even though the names might be ascertainable from court records or copies of court documents served with the process.... In such cases, the courts have reasoned that, while it is permissible to garnish property or debt in regard to more than one debtor in the same process, a garnishee has no way of knowing which debtors were in fact made parties to the garnishment, unless each is specifically identified."

David J. Marchitelli, Annotation, *Sufficiency, as to Content, of Notice of Garnishment Required to be Served Upon Garnishee*, 20 A.L.R.5th 229, 258 (1994). In *Overton Bank and Trust v. PaineWebber*, 922 S.W.2d 311 (Tex.Ct.App.1996), the court held that a bank was not liable for failing to impound assets held by a corporation not named as a judgment debtor on the writ, even though the corporate entity was identified in the application for the writ. The court explained:

> "[A]lthough Painewebber focuses its attention on the application for writ of garnishment, the Court in *Bank One [v. Sunbelt Sav.*, 824 S.W.2d 557 (Tex.1992) ] center[ed] its inquiry solely on the writ of garnishment itself and does not appear to suggest that a party unnamed in the writ can be supplied through its mention in the application for the writ. Again, '[w]hen a creditor wants to challenge title to funds held by a third party, the creditor should seek a writ of garnishment naming the nominal [party]....' "

*Overton Bank,* 922 S.W.2d at 313–14 (quoting *Bank One,* 824 S.W.2d at 558 (holding that a writ of garnishment naming only a corporate officer was insufficient to attach the assets of the officer's corporation not named on the writ)).

Similarly, in cases where writs of garnishment have misidentified the judgment debtor, courts have held the writs to be insufficient to require the garnishee to impound the assets of the true debtor. *See Staley v. Brown,* 244 Miss. 825, 146 So.2d 739 (1962); *R & M Tire Service Co. v. Deposit Guaranty Bank & T. Co.,* 172 Miss. 436, 160 So. 274 (1935); *Tyson v. Nettler,* 43 Ohio App.3d 132, 539 N.E.2d 660 (1987); *Greco v. Rainal,* 134 Pa.Super. 99, 4 A.2d 232 (1939). *Cf. Vaughn v. Spitz,* 682 S.W.2d 847 (Mo.Ct.App.1984)(holding that a garnishment notice seeking to attach funds belonging to husband and not mentioning wife was insufficient to attach funds in joint account of both husband and wife).

Given the need for certainty in the identification of judgment debtors covered by a writ of garnishment, we hold that in the instant case the writ was effective only as to the assets of the debtor named on the one-page writ prepared by the clerk: People's Transportation. The writ was not effective as to the three other debtors, including Quality Plus, listed on the attached request prepared by Parkville. We therefore affirm the decision of the Court of Special Appeals.

*JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED. COSTS IN THIS COURT AND IN THE COURT OF SPECIAL APPEALS TO BE PAID BY PETITIONER.*