*Bibi Khan v. The Law Firm of Paley Rothman, No. 3050, September Term 2018.*
Argued: January 7, 2020. Opinion by Reed, J.

**APPEAL AND ERROR > REVIEW > SCOPE AND EXTENT OF REVIEW > PARTICULAR SUBJECTS OF REVIEW IN GENERAL > CONSTRUCTION, INTERPRETATION, OR APPLICATION OF LAW > STATUTORY OR LEGISLATIVE LAW**

Appellate courts review statutory provisions interpreted by the circuit court de novo.

**STATUTES > CONSTRUCTION > PLAIN LANGUAGE; PLAIN, ORDINARY, OR COMMON MEANING > IN GENERAL**

Maryland courts resolve discrepancies in statutory interpretation by looking toward the statute's plain language.

**STATUTES > CONSTRUCTION > CLARITY AND AMBIGUITY; MULTIPLE MEANINGS > WHAT CONSTITUTES AMBIGUITY; HOW DETERMINED**

**STATUTES > CONSTRUCTION > CLARITY AND AMBIGUITY; MULTIPLE MEANINGS > RESOLUTION OF AMBIGUITY; CONSTRUCTION OF UNCLEAR OR AMBIGUOUS STATUTE OR LANGUAGE > IN GENERAL; FACTORS CONSIDERED**

**STATUTES > CONSTRUCTION > CLARITY AND AMBIGUITY; MULTIPLE MEANINGS > RESOLUTION OF AMBIGUITY; CONSTRUCTION OF UNCLEAR OR AMBIGUOUS STATUTE OR LANGUAGE > PURPOSE AND INTENT; DETERMINATION THEREOF**

**STATUTES > CONSTRUCTION > LEGISLATIVE HISTORY > PLAIN, LITERAL, OR CLEAR MEANING; AMBIGUITY**

If the language of the statute is subject to more than one interpretation, it is ambiguous, and the Court of Special Appeals will resolve the ambiguity by looking to the statute's legislative history, case law, and statutory purpose.

**ATTORNEYS AND LEGAL SERVICES > LIEN OF ATTORNEY > SUBJECT-MATTER TO WHICH LIEN ATTACHES > JUDGMENT, SETTLEMENT, OR AWARDS**

Attorney has an assertible and enforceable right to a statutory attorney's lien against the award of attorney fees paid to the client and subsequently deposited in the client's bank account.

REPORTED

IN THE COURT OF SPECIAL APPEALS

OF MARYLAND

No. 3050

September Term, 2018

_____

BIBI KHAN

v.

THE LAW FIRM OF PALEY ROTHMAN

_____

Arthur,
Reed,
Zarnoch, Robert A.
  (Senior Judge, Specially Assigned),

JJ.

_____

Opinion by Reed, J.

_____

Filed:  April 7, 2020

Pursuant to Maryland Uniform Electronic Legal Materials Act
(§§ 10-1601 et seq. of the State Government Article) this document
is authentic.



Suzanne C. Johnson, Clerk

Bibi Khan retained Tracey J. Coates, Esq. and the law firm of Paley, Rothman, Goldstein, Rosenberg, Eig & Cooper, Chartered (the "Law Firm") to represent her in an action for modification of child custody and child support against her ex-husband Douglas Moore. As a result of the legal services rendered by the Law Firm, the Circuit Court for Montgomery County granted the Law Firm's Motion to Adjudicate Rights in Connection with Attorney's Lien. In granting the motion, the court ruled that the $50,000 attorney fee award, granted to Khan against Moore and deposited in Khan's personal bank account, was subject to the Law Firm's attorney's lien and should be paid towards the lien. It is from this ruling that Khan appeals.

In bringing her appeal, Khan presents two question, which we have combined:

I.      Did the circuit court commit substantive and/or procedural error when it granted the Law Firm's Motion to Adjudicate Rights in Connection with Attorney's Lien pursuant to Md. Code Ann., Bus. Occ. & Prof. art., § 10-501 and Maryland Rule 2-652?

For the following reasons, we answer in the negative and affirm the circuit court's judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

On April 10, 2014, Khan brought suit against Moore for custody and support of their minor son J.M. The parties settled the matter, and on March 4, 2015, the court entered an order ("custody order") reflecting the settlement, which required Moore to pay $15,000 in child support per month plus all cost associated with J.M.'s private school attendance. Since the custody order, Moore has filed three motions on separate occasions to modify his obligations under the order. This present appeal arises out of the legal services

rendered to defend Khan against Moore's third motion to modify the custody order.

Moore filed his third motion to lower his child support obligation on August 30, 2017. On November 30, 2017, Khan retained the Law Firm to represent her in the matter. The court heard evidence in support of Moore's motion on April 3, 2018, however, the court denied the motion for failure to show a material change in circumstances warranting a decrease in payment. A few days after the hearing, the Law Firm filed a petition for attorney fees on behalf of Khan. The petition alleged her fees totaled $74,538.97 and "[d]ue to the vast income [disparity] between the parties, as well as, [Khan's] expenses exceeding her income, she simply does not have the ability to pay her attorney fees." The court entered an Opinion and Order on May 31, 2018, stating:

> Although the court finds fees in the amount of $57,000 are reasonable and [Moore] can easily afford fees in that amount, the [court] believes that it is necessary and important that [Khan] have some financial interest in the fees she incurs in defending the action. Otherwise, she has little incentive in trying to insure that the actions taken and fees incurred on her behalf are reasonable, necessary, and proportionate, considering the dispute.
>
> The foregoing premises considered, having considered the financial status of the parties, the needs of the parties, and the justification for bringing the proceeding, the [court] finds that an award of $50,000 to [Khan] for her attorney's fees is fair and reasonable. Accordingly, the [court] will order [Moore] to pay [Khan] $50,000 as a contribution toward her attorney's fees.
>
> IT IS SO ORDERED this 29th day of May, 2018.

After the award was ordered, Khan received the $50,000 and deposited it in her personal Citibank account. The Law Firm promptly sent Khan notice to remit payment in the amount of $50,000 within 10 days toward her balance with the Law Firm, which the Law Firm alleges at the time was approximately $54,000. The Law Firm contends that

Khan made one further payment of $3,000 before no longer paying towards her remaining balance. The Law Firm subsequently filed a Motion to Adjudicate Rights in Connection with Attorney's Lien on July 27, 2018. Accompanied with the motion, the Law Firm filed an affidavit reflecting, "fees incurred by [Khan] to [ the Law Firm] and invoiced as of April 3, 2018" in the amount of "$57,379.12." According to Khan's Opposition to the Law Firm's motion to adjudicate, Khan alleges to have paid the Law Firm $28,553.26 as of the April 9, 2018 invoice and an additional $9,000 in three $3,000 payments on May 1, May 31, and June 29 of 2018. In sum, Khan contends to have paid the Law Firm "$36,002.21 towards the attorney fees incurred for the child support modification, plus another $1,551.25 to [prior counsel] for a total of $37,553.26 of fees paid."

In September of 2018, the court granted a motion by the Law Firm to strike its appearance as Khan's counsel, and the hearing for the Law Firm's motion to adjudicate rights was held on October 3, 2018. In finding for the Law Firm, the court ruled:

> [The $50,000] then moved from [Moore's] account, according to the evidence that I have heard, or that's been presented in this case, into an account owned by [Khan]. And then the lien was filed within apparently weeks or a month of those monies being received into that account.
>
> Simply by depositing the $50,000 into [Khan's] account, I don't believe that the $50,000 all of the sudden loses its identity as a judgment or award.
>
> ***
>
> So, I believe, based upon the earlier decision of the [court], at least $50,000, if not more, was incurred by counsel in terms of expense and fees rendered to [Khan] on behalf of that was done in this particular case. The other debts over and above the $50,000 is where the in rem verse [sic] in personam action works against you.
>
> All the other debts that [Khan] has are in personam debts, and she has those under this agreement without regard to the judgment or the award that I entered. So, the fact that [Khan] makes these other payments, those reduce

3

her in personal obligations, but it doesn't preclude the attorneys from asserting a claim against the in rem award.

So, I believe under the facts and circumstances as presented to me, having considered the arguments, having considered the case, the authorities cited by the parties, that [Khan] is entitled to recover the $50,000 that the court ordered that [Moore] pay as contribution towards the attorney's fees that [Khan] had incurred. And so I grant judgment in favor of [the Law Firm] in the amount of the $50,000. It is so ordered.

The court's ruling effectively validated the Law Firm's attorney's lien in the amount of $50,000 against the $50,000 fee award that Khan deposited in her personal Citibank account, and ordered Citibank to pay the $50,000 in her account to the Law Firm. On October 9, 2018 Khan filed a motion to stay the court's ruling pending this appeal, however the court entered its order on November 30, 2018.

## DISCUSSION

### A. Parties' Contentions

Parties dispute whether Maryland Business Occupations and Professions Article § 10-501 enables the Law Firm to assert an attorney's lien against Khan's Citibank deposit account. Khan argues that an attorney's lien may only be enforced against the corpus of an existing award, not an account held by a third party. She contends that once the award for attorney's fees was received from Moore and deposited into her bank account, the corpus no longer existed, and the Law Firm lost any right to assert a lien against the award. Alternatively, if the Law Firm could enforce an attorney's lien after the award no longer existed, Khan argues that Maryland Rule 2-652(c)(2) required the court to adjudicate what portion of the judgment remained. She further avers that the court had ample information to determine the remaining amount of attorney's fees due, however, its failure to

4

acknowledge or decide the factual disputes was a breach of its duty under Maryland Rule 2-652(c)(2).

The Law Firm contends that the attorney's fee award did not extinguish when Khan deposited the funds in her bank account, rather the money remained subject to a statutory attorney's lien. To her alternative contention, the Law Firm argues that Khan failed to preserve any procedural, evidentiary, or burden of proof issues for appellate review, thus her latter claims are waived. We agree with the Law Firm.

**B. Standard of Review**

The foundational issue in this case concerns the circuit court's interpretation of § 10–501(b) of the Maryland Business Occupations and Professions Article. "Where the order involves an interpretation and application of Maryland statutory and case law, we must determine whether the lower court's conclusions are legally correct." *Powell v. Breslin*, 195 Md. App. 340, 346, 6 A.3d 360, 363 (2010) (quoting *Walter v. Gunter*, 367 Md. 386, 392 (2002)) (internal marks omitted). In other words, statutory provisions interpreted by the circuit court are reviewed *de novo*. *Manger v. Fraternal Order of Police, Montgomery Cty. Lodge 35, Inc.*, 227 Md. App. 141, 147 (2016). Maryland courts have long resolved discrepancies in statutory interpretation by looking toward the "statute's plain language." *Gardner v. State*, 420 Md. 1, 9 (2011). If the language of the statute "is subject to more than one interpretation, it is ambiguous, and we resolve that ambiguity by looking to the statute's legislative history, case law, and statutory purpose." *Opert v. Criminal Injuries Comp. Bd.*, 403 Md. 587, 593 (2008) (internal citation and marks omitted). However, if the statutory "language is clear and unambiguous, we ordinarily need

5

not look beyond the statute's provisions and our analysis ends." *Id.* (internal citation and marks omitted)

## C. Analysis

### i.     *Enforceability of Attorney's Lien*

Section 10-501 of the Maryland Business Occupation & Professions Article provides, in relevant part:

(a) Subject to subsection (b) of this section, an attorney at law has a lien on:

(1)     a cause of action or proceeding of a client of the attorney at law from the time the cause of action arises or the proceeding begins; and

(2)     a settlement, judgment, or award that a client receives as a result of legal services that the attorney at law performs.

\*\*\*

(b) A lien under this section attaches only if, and to the extent that, under a specific agreement between an attorney at law and a client, **the client owes the attorney at law a fee or other compensation for legal services that produced the settlement, judgment, or award**.

(emphasis added). This statute was previously interpreted by the Court of Appeals in *Consol. Const. Servs., Inc. v. Simpson*, 372 Md. 434, 458 (2002) and was deemed to be "clear and unambiguous." The Court explained:

subsection (a)(1) provided when a lien could attach, while subsection (a)(2) provided what types of funds a lien could attach to. The statute provided that while the right to a lien came into existence from the inception of an action, the attorney's lien that might result under the statute was (at that time) solely on "a *judgment or award* that a client receives as a result of legal services that the attorney at law performs."

6

*Id*. (quoting Bus. Occ. & Prof., § 10-501(a)(2)). *Simpson* clarified that when taking "the language of both subsections" together, it is evident that § 10-501(a) granted attorneys "the right to a lien on the judgment and awards for their services arising out of an action or proceeding of a client, from the time that proceeding began." *Id*.

*Simpson* also discussed whether monies generated by a settlement agreement are subject to garnishment by a judgment creditor. *Id*. at 445–56. Although the Court held that settlement funds are not garnishable, the Court recognized that a judgement or award is enforceable against a third party who holds the assets of a judgment debtor. *Id*. at 446. Citing *Parkville Federal Savings Bank v. Maryland National Bank*, 343 Md. 412 (1996), the Court stated:

> A writ of garnishment is a means of enforcing a judgment. It allows a judgment creditor to recover property owned by the debtor but held by a third party…
>
> A garnishment proceeding is, in essence, an action by the judgment debtor for the benefit of the judgment creditor which is brought against a third party, the garnishee, who holds the assets of the judgment debtor. An attaching judgment creditor is subrogated to the rights of the judgment debtor and can recover only by the same right and to the same extent that the judgment debtor might recover

*Simpson*, 372 Md. at 446. The Court's acceptance of enforcing a judgment against a third party in possession the judgment debtor's assets is relevant to our analysis regarding enforcing statutory attorney's liens.

The Court of Appeals set forth the methods of enforcing statutory attorney's liens in Maryland Rule 2-652(b), which provides that:

> An attorney who has a lien under Code, Business Occupations and Professions Article, § 10-501, may assert the lien by serving a written notice

7

by certified mail or personal delivery upon the client and upon each person against whom the lien is to be enforced. The notice shall claim the lien, state the attorney's interest in the action, proceeding, settlement, judgment, or award, and **inform the client or other person to hold any money payable or property passing to the client** relating to the action, proceeding, settlement, judgment, or award.

(emphasis added). Nothing in either statutory texts or referenced in Khan's brief supports her argument that a statutory attorney's lien may no longer be asserted once the award is received and deposited in a personal bank account. We hold, as the Court did in *Simpson*, that the language of § 10-501(a) is "clear and unambiguous." We are fortified in this determination, by the fact that the Court of Appeals, in drafting Rule 2-652(b), had a similar understanding of §10-501(a). Thus, the Rule provides that a statutory attorney's lien may be asserted and enforced against the client and/or another person in possession of "any money payable or property passing to the client relating to the … award."

Setting the plain language aside, it remains clear that Maryland courts permit judgment creditors to enforce judgments against third parties who hold the assets of the judgment debtor. *See Simpson*, 372 Md. at 446. In fact, the Rule accounts for this very instance where the Law Firm deposited the attorney award in her bank account. Although the bank held the funds, the fee award continued to constitute "money payable or property passing to the client" that related to the award Khan received as a result of the legal services the Law Firm provided. The circuit court was legally correct when ruling that "[s]imply by depositing the $50,000 into [her] account," did not mean the "$50,000 all of the sudden [lost] its identity as a judgment or award." Thus, we hold that the plain language of the

8

statute permits an attorney to assert and enforce an attorney's lien against an award of attorney's fees that a client received and deposited in his or her personal bank account.

Despite the clear language of the statute and thorough explanation in *Simpson*, Khan argues that § 10–501(a) should be interpreted to narrow an attorney's right to obtain an attorney's lien against an award within a set time frame, i.e. after the award is ordered but prior to its disbursement to the client. Specifically, she contends that the Law Firm may have been able to assert the award against Moore prior to his payment. However, by virtue of accepting the award and depositing it into her bank account, the award no longer existed for purposes of asserting an attorney's lien.

Khan cites *Campen v. Talbot Bank of Easton*, 271 Md. 610 (1974) to support her contention that Citibank's possession of the fee award rendered the statutory attorney's lien unenforceable. In *Campen*, several judgment creditors sought to collect on the sale of a judgment debtor's property and agreed for the proceeds of the sale to be deposited in an escrow account until priority was determined. *Id*. at 611–12. One of the creditors' attorneys asserted a claim to recover a portion of the deposited funds on the basis that it consisted of attorney's fees owed to him. *Id.* at 612. However, the court noted "[i]n Maryland (, as in most states,) an attorney who has obtained a judgment for his client has no lien for an attorney's fee on the judgment which has not been reduced into possession by actual collection." *Id*. at 614 (internal citation and marks omitted). Therefore, because the escrow agent was a neutral third-party and not an agent of the attorney, the attorney could not recover a *retaining lien* for attorney's fees from the judgment debtor. *Id*. at 615–16.

9

*Campen* is unavailing for a number of reasons. Most strikingly, it predates the legislature's enactment of § 10-501 and concerns an attorney's right to assert a common law retaining lien against property or moneys not already in the attorney's possession. *See Campen*, 271 Md. at 614–15 (noting that " [t]he charging lien, as distinguished from the retaining lien…has never been recognized in Maryland" except as provided in particular statutes and that, in the absence of an applicable statutory charging lien, an attorney could only recover through a common law retaining lien). (emphasis added). A retaining lien allows an attorney to "assert the lien by retaining the papers of the client in the possession of the attorney until the attorney's claim is satisfied." Rule 2-652(a). In the instant case, the Law Firm did not seek a retaining lien or contend to be in possession of Khan's bank account for purposes of enforcing a retaining lien. Rather, the Law Firm asserted a statutory attorney's charging lien against the $50,000 award that Khan received and deposited into her bank account.

Khan's reliance on *Diamond v. Diamond*, 298 Md. 24 (1983) and *Rhoads v. Sommer*, 401 Md. 131 (2007) is equally unconvincing to support her claim that the corpus ceased to exist after she received and deposited the fee awards in her bank account. *Diamond* was decided prior to Maryland's recognition of statutory attorney's charging liens, and the facts of the case are notably distinguishable. The court in *Diamond* addressed whether an attorney could enforce a retaining lien against a settlement check subject to a stop payment. *Id*. The court explained that "[b]ecause the retaining lien is based on possession," the attorney could only assert a lien "on funds [he] actually collected belonging to his client." *Id*. at 36. And since the attorney never actually possessed the

10

money that the check represented due to the issued stop payment, he never had an enforceable retaining lien against the judgment. *Id.* Again, in the case before this Court, the Law Firm did not purport to possess the funds contained in Khan's bank account or seek a retaining lien. Instead, the Law Firm moved to assert and enforce an attorney's lien against the $50,000 in Khan's personal bank account held by Citibank. Thus, the facts in *Diamond* are wholly inapplicable to the present case.

Khan's contentions are not supported by the plain meaning of § 10–501 or Maryland Rule 2-652(b), and the cases relied on are incompatible with the facts of the present case. For this reason, we hold that the circuit court's interpretation and application of Maryland statutory and case law was legally correct.

### ii. *Adjudication of Facts*

Turning to Khan's alternative argument, she contends that the circuit court erred by failing to adjudicate the disputed amount of attorney fees, specifically, how much she owed the Law Firm and how much she had already paid. Even if a valid attorney's lien remained after she had deposited the $50,000 award in her bank account, Khan alleges to have already contributed $37,553.27 toward attorney's fees, thus the Law Firm's attorney's lien could only attach to, at most $12,446.73. She further contends that Maryland Rule 2-652(c)(2) required the court to adjudicate "what portion of the judgment was a result of legal services performed" by the Law Firm, however, its failure to acknowledge or decided the factual disputes was a breach of its duty, amounting to reversible error as a matter of law.

11

The Law Firm contends that Khan neither "objected during the proceedings to the procedures followed by the circuit court nor [to] the sufficiency of evidence." Since she failed to "contemporaneously object or note exceptions," the Law Firm contends that Khan "failed to preserve the record for appeal on any procedural, evidentiary, or burden of proof issues arising from the October 3, 2018, hearing and subsequent Order and judgments of the trial court." Pursuant to Maryland Rule 8-131(a), this Court's scope of appellate review only extends to issues that plainly appear "by the record to have been raised in or decided by the trial court." Khan did not object at any time to the court's manner of adjudication or the sufficiency of the evidence that the court considered. Because she failed to object, Khan did not adequately preserve the issue for our review. Thus, the issue is waived.

## CONCLUSION

Accordingly, we affirm the circuit court's judgment granting the Law Firm's attorney's lien in the amount of $50,000 against the $50,000 fee award that Khan deposited in her personal Citibank account, and order Citibank to pay the $50,000 to the Law Firm.

**JUDGMENT OF THE CIRCUIT COURT FOR MONTGOMERY COUNTY AFFIRMED. COSTS TO BE PAID BY APPELLANT.**

The correction notice(s) for this opinion(s) can be found here:

https://mdcourts.gov/sites/default/files/import/appellate/correctionnotices/cosa/3050s18cn.pdf